## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**DAVID ARNOLD GRAY**

Plaintiff

vs

**RONALD HOWARD; SHERRA DURHAM-CAMP;**

**AIMEE CABRERA; MICHAEL J. FERNANDEZ;**

**TYRONE WILLIAMS; ALFRED COLEMAN;**

**ACHAYA KELAPANDA; TRINESE LAMB;**

**MICHELLE SIFONTES; DANIEL DIAZ,**

**and MIAMI-DADE COUNTY**

Defendants

_____/

**Jury Trial Demanded**

Case No.

22-CIV-23693-Scola/Goodman

FILED BY _____ D.C.

NOV 10 2022

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## COMPLAINT

Comes Now, Pro Se Plaintiff, David Arnold Gray ("Plaintiff" or "Mr. Gray"), sue Defendants Tyrone Williams ("Mr. Williams"), Alfred Coleman ("Mr. Coleman"), Ronald Howard ("Mr. Howard"), Sherra Durham-Camp ("Ms. Durham-Camp"), Aimee Cabrera ("Ms. Cabrera"), Michael J. Fernandez ("Mr. Fernandez"), Achaya Kelapanda ("Mr. Kelapanda"), Trinese Lamb ("Ms. Lamb"), Michelle Sifontes ("Ms. Sifontes"), Daniel Diaz ("Mr. Diaz"), and Miami-Dade County ("County") (collectively "Defendants"), and state:

## I.    INTRODUCTION

1.    This is an action for damages and injunctive relief in response to Defendants' violation of Plaintiff's freedom of speech, right to petition, and procedural due process rights under the First and Fourteenth Amendments.

2.    Defendants, acting under "color of law, ordinance, or regulation", unconstitutionally deprived Plaintiff of liberty by failing to fulfill entitlement clause of notice or review.

3.    Defendants, acting under "color of law, ordinance, or regulation", willfully deprived Plaintiff of right to petition by not responding to requested information as procedurally required.

4.    Defendants, acting in willful agreement to "injure, intimidate, or threaten", unlawfully deprived Plaintiff of freedom of speech by enforcing administrative actions to censure, demoralize, and threaten livelihood without procedural due process.

## II.    JURISDICTION

5.    This Court has jurisdiction over this action pursuant to 28 USC § 1331 because this is a civil action arising under the Constitution and the laws of the United States.

6.    Plaintiff's claims are brought under 18 U.S.C. § 241, § 242, and 42 U.S.C. § 1983 to redress the deprivation, under "color of law, ordinance, or

2

regulation", of Plaintiff's freedom of speech, right to petition, and liberty without procedural due process in violation of Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution.

### III. PARTIES

7. Plaintiff David Arnold Gray is an individual who resides at 3450 NW 213th Street Miami Gardens, FL 33056, and can be reached by phone: (305) 469-3767 or email: david@davidgraysr.com.

8. Defendant Tyrone Williams is a local official of Miami-Dade County located at 111 NW 1st Street, Suite 2110 Miami, FL 33128 and can be reached by phone: (305) 375-1589 or email: tyrone.williams2@miamidade.gov.

9. Defendant Alfred Coleman is a local official of Miami-Dade County located at 8000 SW 107th Avenue, Miami, FL 33173 and can be reached by phone: (305) 514-6353 or email: alfred.coleman@miamidade.gov.

10. Defendant Ronald Howard is a local official of Miami-Dade County located at 8831 NW 58th Street, Miami, FL 33178 and can be reached by phone: (305) 514-6328 or email: alfred.coleman@miamidade.gov.

11. Defendant Sherra Durham-Camp is a local official of Miami-Dade County located at 8831 NW 58th Street, Miami, FL 33178 and can be reached by phone: (305) 514-6328 or email: sherra.durham-camp@miamidade.gov.

3

12. Defendant Aimee Cabrera is a local official of Miami-Dade County located at 2525 NW 62nd Street Miami, FL 33147 and can be reached by phone: (305) 514-6666 or email: aimee.cabrera@miamidade.gov.

13. Defendant Michael J Fernandez is a local official of Miami-Dade County located at 2525 NW 62nd Street Miami, FL 33147 and can be reached by phone: (305) 514-6666 or email: michael.fernandez@miamidade.gov.

14. Defendant Achaya Kelapanda is a local official of Miami-Dade County located at 2525 NW 62nd Street Miami, FL 33147 and can be reached by phone: (305) 514-6666 or email: achaya.kelapanda@miamidade.gov.

15. Defendant Daniel Diaz is a local official of Miami-Dade County located at 2525 NW 62nd Street Miami, FL 33147 and can be reached by phone: (305) 514-6666 or email: daniel.diaz@miamidade.gov.

16. Defendant Trinese Lamb is a local official of Miami-Dade County located at 2525 NW 62nd Street Miami, FL 33147 and can be reached by phone: (305) 514-6666 or email: trinese.lamb@miamidade.gov.

17. Defendant Michelle Sifontes is a local official of Miami-Dade County located at 2525 NW 62nd Street Miami, FL 33147 and can be reached by phone: (305) 514-6666 or email: michelle.sifontes@miamidade.gov.

18. Miami-Dade County is the local governing body for Miami-Dade County; however, the Code of Ordinances Section 2-2 requires claims against the

County be noticed and filed with the Clerk of the County Commission located at 111 N.W. First Street, Suite 210, Miami, Florida 33128 and can be reached by phone: (305) 375-5126 or email: clerk.board@miamidade.gov.

## IV. FACTS

### A) Law, Ordinance, or Regulation Ignored by Defendants

19.    Administrative Orders (A.O.s) and Implementing Orders (I.O.s) serves as vehicles to set forth legislation regarding County policies and procedures. Administrative Orders and Implementing Orders should be of a relatively permanent nature. The authority to create A.O.s and I.O.s is established in Sections 1.01, 2.02(A) and 5.02 of the Miami-Dade County Charter. A.O.s set forth organizational and operating procedures under the authority of the Mayor. A.O.s are approved by the Mayor and reported to the Board. *See reference https://www.miamidade.gov/managementandbudget/library/procedures/100.pdf.*

20.    The code of Miami-Dade County constitutes a recodification of the ordinances of Dade County, Florida. Published in 1992 by Order of the Board of County Commissioners. *See reference https://library.municode.com/fl/miami_-_dade_county/codes/code_of_ordinances?nodeId=COMIDECOFL.*

### B) Violation of Procedural Due Process by Mr. Coleman

21.     Plaintiff is responsible for the safe and efficient operation of a large capacity roll-off trash truck and making the necessary maintenance checks to include managing the need of fuel to maintain a satisfactory level.

22.     On 01/25/2022, at approximately 7:10am, Mr. Coleman deprived Plaintiff of the need of fuel at County fuel site #17 located at 7900 SW 107th Avenue and threaten Plaintiff with discipline actions if Plaintiff did not elect to use a different County fuel site.

23.     The next day Plaintiff petitioned Mr. Coleman for a copy of the Standard Operating Procedures (S.O.P.) for Trash Division. Mr. Coleman called Plaintiff's cell phone and stated: I have the rule book in my head, you could ask me anything you want to know about your job. I could tell you where to get a copy of your job description if you want to see that. *See Exhibit A.*

24.     County's policy as titled within Administrative Order (AO) 7-3 - copies of policies and work rules should be made available to employees and employees should know where to locate them. *See Exhibit B-1.*

25.     Florida Chapter 119.07(1)(c) - a custodian of public records and his or her designee must acknowledge requests to inspect or copy records promptly and respond to such requests in good faith. A good faith response includes making reasonable efforts to determine from other officers or employees within the agency

whether such a record exists and, if so, the location at which the record can be accessed.

26. Mr. Coleman used color of any law authority, as set forth in Mr. Coleman's actions incorporate by reference paragraphs 21 through 25 *supra*, to justify random procedures enforceable by violations under County's Personnel Rules Chapter VIII Section 7 — without notice or review — in violation of the due process clause of the Fourteenth Amendment to the United States Constitution.

27. Mr. Coleman's actions under color of any law authority, equates to an unconstitutional violation in the free exercise of Plaintiff's liberty without procedural due process.

**C) Violation of Procedural Due Process by Mr. Howard on 02/01/2022**

i. Unlawful Violation

28. On 01/29/2022, Plaintiff submitted a career service grievance to the intermediate level supervisor under A.O. 7-18, a redress for a copy of S.O.P.s for the Trash Division or an understanding of how employees are held accountable for violating departmental procedures in which they have no knowledge of, no training, and no written information to rely upon. *See Exhibit C-1&2.*

29. On 02/01/2022, Mr. Howard as the intermediate level supervisor, directed Waste Supervisor Gregory Ferguson to transport Plaintiff from 8000 SW

7

107th Avenue, to Mr. Howard's office located at 8831 NW 58th Street, to attend an informal meeting at 9am to discuss Plaintiff's grievance.

30.     County's procedure as stated by A.O. 7-18—Step 2—intermediate level supervisor shall respond to the employee in writing within seven (7) calendar days from the date the written grievance was received". *See Exhibit D-3.*

31.     Mr. Howard used color of any law authority, as set forth in Mr. Howard's actions incorporate by reference paragraphs 28 through 30 *supra,* to respond to grievances regulated by grievance procedures under A.O. 7-18— without notice or review—in violation of the due process clause of the Fourteenth Amendment to the United States Constitution.

32.     Mr. Howard's actions under color of any law authority, equates to an unlawful intimation or threat in the free exercise of Plaintiff's liberty without procedural due process.

### ii.     Unlawful Violation

33.     In attendance was Mr. Howard, Mr. Coleman, and Plaintiff. Throughout the meeting Mr. Howard will emphasize the long-term friendship with Mr. Coleman and his willingness to provide a cheat sheet on behalf of Plaintiff's request for S.O.P.s to include the alternative.

34.     The meeting lasted over two hours and Plaintiff was not free to leave. However, after the meeting Plaintiff prepared a summary and emailed a copy to

Mr. Howard. *See Exhibit E.*

35.     County's compliance with local and state law as stated by A.O. 7-18 —All grievances are to be fairly and appropriately resolved in accordance with Statutes, the Miami-Dade County Home Rule Amendment and Charter, the Code of Miami-Dade County, the Miami-Dade County Personnel Rules, and other applicable County and departmental rules and regulations. In accordance with Section 447.301 (4), Florida Statutes, grievances may be adjusted under this grievance procedure without the intervention of the bargaining agent only if the adjustment is not inconsistent with the terms of any applicable collective bargaining agreement. Section 447.401 provides that career service employees shall have the option of utilizing a Civil Service grievance procedure as opposed to that provided in a labor agreement. It is the purpose of this administrative order to comply with statutory directives while at the same time maintaining the integrity of negotiated grievance procedures. *See Exhibit D-1&2.*

36.     Mr. Howard used color of any law authority, as set forth in Mr. Howard's actions incorporate by reference paragraphs 28 through 35 *supra,* to satisfy compliance regulated by grievance compliance procedures under A.O. 7-18 — without notice or review — in violation of the due process clause of the Fourteenth Amendment to the United States Constitution.

37.     Mr. Howard's actions under color of any law authority, equates to an unlawful intimation or threat in the free exercise of Plaintiff's right to petition without procedural due process.

**D) Violation of Procedural Due Process by Mr. Howard on 02/11/2022**

i.     <u>Unlawful Conspiracy Against Rights</u>

38.     County's general provisions as stated by A.O. 7-18—If the department fails to process a grievance within the time limit provided for that step, the grievance shall automatically proceed to the next step". *See Exhibit D-5.*

39.     On 02/08/2022, Plaintiff grievance proceeded to the division director under A.O. 7-18, a redress for a copy of S.O.P.s for the Trash Division or an understanding of how employees are held accountable for violating departmental procedures in which they have no knowledge of, no training, and no written information to rely upon. *See Exhibit C-3.*

40.     On 02/10/2022, Mr. Howard sent notification of a follow-up meeting at 9am on 02/11/2022, at his office. Plaintiff responded and provided information related to the County's general provisions and procedures under A.O. 7-18. *See Exhibit F.*

41.     On 02/11/2022, Mr. Howard now acting as the division director, directed Waste Supervisor Raymond Dennison to transport Plaintiff from 8000 SW

107th Avenue, to Mr. Howard's office located at 8831 NW 58th Street, to attend second informal meeting at 9am to discuss Plaintiff's grievance again.

42.     Prior to Mr. Dennison's and Plaintiff's departure, Plaintiff spoke with Mr. Howard by phone, at which time Plaintiff requested that Mr. Howard cancel the meeting because Plaintiff felt uncomfortable and intimidated from the last meeting. But Mr. Howard denied the request and Plaintiff was forced to attend. *See Exhibit C-5.*

43.     County's procedures as stated by A.O. 7-18—Step 3—the division director shall respond to the employee in writing within seven (7) calendar days from the date the written grievance was received. *See Exhibit D-3.*

44.     Mr. Howard used color of any law authority, as set forth in Mr. Howard's actions incorporate by reference paragraphs 38 through 43 *supra,* to respond to grievances regulated by grievance procedures under A.O. 7-18— without notice or review—in violation of the due process clause of the Fourteenth Amendment to the United States Constitution.

45.     Mr. Howard's actions under color of any law authority, equates to an unlawful conspiracy against the free exercise of Plaintiff's liberty without procedural due process.

ii.     <u>Unlawful Conspiracy Against Rights</u>

11

46. In attendance was Mr. Howard, Mr. Coleman, Mr. Dennison, and Plaintiff; Ms. Durham-Camp as the division director was listening and she did chime in via speaker phone on Mr. Howard's desk.

47. The meeting lasted under an hour because Plaintiff had mentally shut down and Mr. Dennison was present as a neutral witness. *See Exhibit C-4.*

48. County's compliance with local and state law as stated by A.O. 7-18 — All grievances are to be fairly and appropriately resolved in accordance with Statutes, the Miami-Dade County Home Rule Amendment and Charter, the Code of Miami-Dade County, the Miami-Dade County Personnel Rules, and other applicable County and departmental rules and regulations. In accordance with Section 447.301 (4), Florida Statutes, grievances may be adjusted under this grievance procedure without the intervention of the bargaining agent only if the adjustment is not inconsistent with the terms of any applicable collective bargaining agreement. Section 447.401 provides that career service employees shall have the option of utilizing a Civil Service grievance procedure as opposed to that provided in a labor agreement. It is the purpose of this administrative order to comply with statutory directives while at the same time maintaining the integrity of negotiated grievance procedures". *See Exhibit D-1&2.*

49. Mr. Howard used color of any law authority, as set forth in Mr. Howard's actions incorporate by reference paragraph 38 through 48 *supra*, to

satisfy compliance regulated by grievance compliance procedures under A.O. 7-18—without notice or review—in violation of the due process clause of the Fourteenth Amendment to the United States Constitution.

50. Mr. Howard's actions under color of any law authority, equates to an unlawful conspiracy against the free exercise of Plaintiff's right to petition without procedural due process.

### E) Violation of Procedural Due Process by Mr. Fernandez on 02/22/2022

i. Unlawful Conspiracy Against Rights

51. County's general provisions as stated by A.O. 7-18—If the department fails to process a grievance within the time limit provided for that step, the grievance shall automatically proceed to the next step". See Exhibit D-5.

52. On 02/15/2022, Plaintiff grievance proceeded to the department director under A.O. 7-18, a redress for a copy of S.O.P.s for the Trash Division or an understanding of how employees are held accountable for violating departmental procedures in which they have no knowledge of, no training, and no written information to rely upon. *See Exhibit C-4.*

53. Mr. Fernandez, as the department director was obligated to meeting with Plaintiff prior to responding in writing or denying Plaintiff's grievance on 02/22/2022. *See Exhibit G.*

54.    County's procedures as stated by A.O. 7-18 — Step 4 — the department director shall meet with the employee and respond to the employee in writing within seven (7) calendar days from the date the written grievance was received. *See Exhibit D-3.*

55.    Mr. Fernandez used color of any law authority, as set forth in Mr. Fernandez's actions incorporate by reference paragraphs 51 through 54 *supra*, to respond to grievances regulated by grievance procedures under A.O. 7-18 — without notice or review — in violation of the due process clause of the Fourteenth Amendment to the United States Constitution.

56.    Mr. Fernandez's actions under color of any law authority, equates to an unlawful conspiracy against the free exercise of Plaintiff's freedom of speech without procedural due process.

ii.    <u>Unlawful Conspiracy Against Rights</u>

57.    In support of denying Plaintiff's grievance Mr. Fernandez stated: based on the information provided in the grievance, there is no violation of Miami-Dade County and/or Department of Solid Waste Management (DSWM) policies and procedures, therefore the grievance is denied. *See Exhibit G.*

58.    County's policy as stated by A.O. 7-18 — it is the policy of Miami-Dade County to provide to all eligible employees a grievance procedure for the

resolution of disputes or complaints concerning the terms and conditions of their employment. *See Exhibit D-1.*

59. Mr. Fernandez used color of any law authority, as set forth in Mr. Fernandez's actions incorporate by reference paragraphs 51 through 58 *supra*, to redress grievances regulated by grievance policy under A.O. 7-18 — without notice or review — in violation of the due process clause of the Fourteenth Amendment to the United States Constitution.

60. Mr. Fernandez's actions under color of any law authority, equates to an unlawful conspiracy against the free exercise of Plaintiff's right to petition without procedural due process.

### iii.   Unlawful Conspiracy Against Rights

61. In support of denying Plaintiff's request for a copy of S.O.P.s Mr. Fernandez stated: the S.O.P.s for the Trash Division are being updated. However, for your reference, enclosed is the job description and Trash Truck Driver's daily duties for your classification. *See Exhibit G.*

62. Florida Chapter 119.07(1)(c) - a custodian of public records and his or her designee must acknowledge requests to inspect or copy records promptly and respond to such requests in good faith. A good faith response includes making reasonable efforts to determine from other officers or employees within the agency

whether such a record exists and, if so, the location at which the record can be accessed.

63. Mr. Fernandez used color of any law authority, as set forth in Mr. Fernandez's actions incorporate by reference paragraphs 51 through 62 *supra*, to satisfy compliance regulated by grievance compliance procedures under A.O. 7-18 — without notice or review — in violation of the due process clause of the Fourteenth Amendment to the United States Constitution.

64. Mr. Fernandez's actions under color of any law authority, equates to an unlawful conspiracy against the free exercise of Plaintiff's rights to redress grievances without procedural due process.

**F) Violation of Procedural Due Process by Mr. Williams on 03/29/2022**

65. County's grievance appeal hearing as stated by A.O. 7-18 — if the grievance has not been satisfactorily resolved in Step 4, the employee may request an appeal hearing before the Grievance Appeal Panel. The request shall be made to the Director of the Employee Relations Department, in writing, within seven (7) calendar days of receipt of the response in Step 4. *See Exhibit D-4.*

66. On 02/24/2022, Plaintiff request an appeal hearing grievance proceeded to the Director of the Employee Relations Department under A.O. 7-18, a redress for a copy of S.O.P.s for the Trash Division or an understanding of how employees are held accountable for violating departmental procedures in which

they have no knowledge of, no training, and no written information to rely upon. *See Exhibit H.*

67.     On 03/29/2022, Mr. Williams as the Division Director of the employee relations department denied Plaintiff's grievance and stated the following in support thereof: Your request does not allege a violation of any County order, rule or regulation pertaining to a term or condition of employment. Therefore, your request for a Career Service Grievance appeal hearing is respectfully denied. *See Exhibit I.*

68.     County's grievance appeal hearing as stated by A.O. 7-18 — the Director of the Employee Relations Department shall initially determine whether the grievance complies with the provisions of this administrative order, and if in compliance, schedule an appeal hearing to be conducted as promptly as possible. The Grievance Appeal Panel shall consist of the Director of the Employee Relations Department and the two (2) County department directors. In no case, however, shall either of the appointed department directors be from the aggrieved employee's department. *See Exhibit D-3&4.*

69.     Mr. Williams used color of any law authority, as set forth in Mr. Williams' actions incorporate by reference paragraphs 65 through 68 *supra,* to satisfy appeal request regulated by grievance appeal hearing procedures under

A.O. 7-18 — without notice or review — in violation of the due process clause of the Fourteenth Amendment to the United States Constitution.

70.     Mr. Williams' actions under color of any law authority, equates to an unlawful conspiracy against the free exercise of Plaintiff's rights to redress grievances without procedural due process.

### G) Violation of Procedural Due Process by County

i.     <u>Unlawful Conspiracy Against Rights on 03/29/2022</u>

71.     On 03/29/2022, in a desperate cry for help, Plaintiff sent an email to the Office of the Deputy Mayor stating: I am being retaliated against by supervisors due to what I believe is from my submission of a grievance; and requested a meeting to discuss these serious matters. But the office of the Deputy Mayor did not respond and/or intervene. *See Exhibit J.*

72.     County used color of any law authority, as set forth in County's actions incorporate by reference paragraph 71 *supra,* to fulfill protection requirement obtained by protection requirement under County Code of Ordinances Chapter 2 Article IV Division 6 — without notice or review — in violation of the due process clause of the Fourteenth Amendment to the United States Constitution.

73. County's actions under color of any law authority, equates to an unlawful conspiracy against the free exercise of Plaintiff's rights to redress grievances without procedural due process.

### ii. Unlawful Conspiracy Against Rights on 04/24/2022

74. On 04/24/2022, in a desperate cry for help, Plaintiff sent an email to the Office of the Mayor stating: I can no longer go through the abuse and pressure I am enduring every day at work. I really need to speak with you to explain everything from A to Z. But the office of the Mayor did not respond and/or intervene. *See Exhibit K.*

75. County used color of any law authority, as set forth in County's actions incorporate by reference paragraphs 71 through 74 supra, to fulfill protection requirement obtained by protection requirement under County Code of Ordinances Chapter 2 Article IV Division 6—without notice or review—in violation of the due process clause of the Fourteenth Amendment to the United States Constitution.

76. County's actions under color of any law authority, equates to an unlawful conspiracy against the free exercise of Plaintiff's rights to redress grievances without procedural due process.

### iii. Unlawful Conspiracy Against Rights on 06/07/2022

77.     On 06/07/2022, Plaintiff sent a second email to the Office of the Mayor with the following subject line "calling out in just on your watch" and in closing he stated: I rather you discipline them for their willful acts of negligence and conduct unbecoming, as opposed to me ruining their careers in a court of law. Although they deserve it! But the office of the Mayor did not respond and/or intervene and the situation worsened over time. *See Exhibit L.*

78.     County used color of any law authority, as set forth in County's actions incorporate by reference paragraphs 71 through 77 *supra*, to fulfill protection requirement obtained by protection requirement under County Code of Ordinances Chapter 2 Article IV Division 6 — without notice or review — in violation of the due process clause of the Fourteenth Amendment to the United States Constitution.

79.     County's actions under color of any law authority, equates to an unlawful conspiracy against the free exercise of Plaintiff's rights to redress grievances without procedural due process.

### H) Violation of Procedural Due Process by Defendants

#### i.     Criminal Conspiracy Against Rights

80.     From 06/13/2022 to 08/03/2022, Plaintiff sent emails to DSWM management staff, requesting public information as a citizen/employee, pertaining to procedural functionality and the chain of authority. *See Exhibit M.*

81. On 08/03/2022, at approximately 9:41am, Mr. Howard notifies Plaintiff by email that he is in receipt of the various emails sent by Plaintiff to management staff and to answer Plaintiff's questions a meeting is scheduled for Friday, August 5, 2022, at 9:00 am, at 8831 NW 58th Street, Miami, FL 33178. *See Exhibit N.*

82. On 08/03/2022, at approximately 10:40am, Plaintiff requested that Mr. Howard cancel meeting and respond to emails by email. *See Exhibit O.*

83. On 08/05/2022, at approximately 7am, Plaintiff reports to his assigned Supervisor Desiderio Valdes, at his assigned work location at 8000 SW 107th Avenue and was given an assignment to service the West Perrine Trash and Recycling Center located at 16651 SW 107th Avenue.

84. On August 5, 2022, at approximately 11:00am, Mr. Howard and Ms. Durham-Camp arrived at the West Perrine Trash & Recycle Center and advised Plaintiff as stated: effective immediately, you are now on administrative leave pending administrative actions for insubordination of failing to attend a scheduled meeting at 9am and sending threatening emails to DSWM management staff. *See Exhibit P.*

85. Defendants used color of any law authority, as set forth in A.O. 7-3, to justify administrative action obtained by activity protected under the First

Amendment—without notice or review—in violation of the due process clause of the Fourteenth Amendment to the United States Constitution.

86.     Defendants' actions under color of any law authority, equates to a criminal conspiracy against the free exercise of Plaintiff's freedom of speech, right to petition, and liberty without procedural due process.

ii.     Criminal Conspiracy Against Rights

87.     On 10/21/2022, Mr. Howard and Ms. Durham-Camp present the Discipline Action Report (DAR), stating: Plaintiff's actions of failing to attend a schedule meeting and sending threatening emails to management staff is a violation of Miami-Dade County Personnel Rules Chapter VIII, Section 7 (D) Insubordination, (I) Conduct Unbecoming, & (S) Antagonistic. See Exhibit Q.

88.     On 11/05/2022, Plaintiff receives letter of official written reprimand that reads: Your repeated use of the County email system to send antagonistic and offensive emails to supervisors and management, which unjustifiably challenged directives and management authority, and your criticism of supervisors' instructions, whether verbal or written, is inappropriate. Further, your written threat on Wednesday, August 3, 2022, and failure to meet with Trash Division management on Friday, August 5, 2022, as directed is considered insubordination." See Exhibit R.

22

89.     Defendants used color of any law authority, as set forth in A.O. 7-3, to justify administrative action obtained by activity protected under the First Amendment—without notice or review—in violation of the due process clause of the Fourteenth Amendment to the United States Constitution.

90.     Defendants' actions under color of any law authority, equates to a criminal conspiracy against the free exercise of Plaintiff's

freedom of speech, right to petition, and liberty without procedural due process.

### iii.     Criminal Conspiracy Against Rights

91.     On 11/05/2022, in accordance with County reprimands as stated by A.O. 7-3—Any employee who receives a written reprimand may discuss it with the Department Director or his designee in accordance with Administrative Order 7-16. *See Exhibit B-7.*

92.     On 08/05/2022, Plaintiff requested to discuss written reprimand with the department director; however, defendants have not acknowledged Plaintiff's request as of writing. *See Exhibit S.*

93.     Defendants used color of any law authority, as set forth in Defendants' actions incorporate by reference paragraphs 80 through 92 *supra*, to ignore request to discuss obtained by reprimand procedures under A.O. 7-3—without notice or review—in violation of the due process clause of the Fourteenth Amendment to the United States Constitution.

94.     Defendants' actions under color of any law authority, equates to a criminal conspiracy against the free exercise of Plaintiff's freedom of speech, right to petition, and liberty without procedural due process.

## V.     CAUSE OF ACTION

### COUNT I. VIOLATION OF PROCEDURAL DUE PROCESS

95.     Defendants used color of any law authority, as set forth in Defendants' actions incorporate by reference paragraphs 1 through 94, to satisfy threats enforceable by rules or procedures under County's Personnel Rules Chapter VIII Section 7 — without notice or review — in violation of the due process clause of the Fourteenth Amendment to the United States Constitution.

96.     Defendants used color of any law authority, as set forth in Defendants' actions incorporate by reference paragraphs 1 through 94, to respond to grievances regulated by grievance procedures under A.O. 7-18 — without notice or review — in violation of the due process clause of the Fourteenth Amendment to the United States Constitution.

97.     Defendants used color of any law authority, as set forth in Defendants' actions incorporate by reference paragraphs 1 through 94, to satisfy compliance regulated by grievance compliance procedures under A.O. 7-18 — without notice or review — in violation of the due process clause of the Fourteenth Amendment to the United States Constitution.

98. Defendants used (DSWM) grievance policy, as set forth in Defendants' actions incorporate by reference paragraphs 1 through 94, to redress grievances regulated by grievance policy under A.O. 7-18—without notice or review—in violation of the due process clause of the Fourteenth Amendment to the United States Constitution.

99. Defendants used H.R. grievance appeal hearing procedures, as set forth in Defendants' actions incorporate by reference paragraphs 1 through 94, to satisfy appeal request regulated by grievance appeal hearing procedures under A.O. 7-18—without notice or review—in violation of the due process clause of the Fourteenth Amendment to the United States Constitution.

100. Defendants used political process procedures, as set forth in Defendants' actions incorporate by reference paragraphs 1 through 94, to fulfill protection requirement obtained by protection requirement under County Code of Ordinances Chapter 2 Article IV Division 6—without notice or review—in violation of the due process clause of the Fourteenth Amendment to the United States Constitution.

101. Defendants used County discipline procedures, as set forth in A.O. 7-3, to justify administrative action obtained by activity protected under the First Amendment—without notice or review—in violation of the due process clause of the Fourteenth Amendment to the United States Constitution.

102. Defendants' conduct under the "color of law, ordinance, or regulation" proximately caused Plaintiff to be deprived of clearly established federally protected rights under the First and Fourteenth Amendments to the United States Constitution.

103. Plaintiffs seek damages, including compensatory and punitive damages, legal fees, and costs, pursuant to 42 U.S.C. § 1983 and for willful conspiracy to violate Plaintiff's freedom of speech, right to petition, and liberty for nearly a year with no pre-deprivation notice or review or any other opportunity to be heard.

## COUNT II. WILLFULL DEPRIVATION OF RIGHTS

104. Defendants' conduct, incorporate by reference paragraphs 1 through 103 *supra*, proximately caused an unconstitutional violation in the free exercise of Plaintiff's liberty without procedural due process.

105. Defendants' conduct, incorporate by reference paragraphs 1 through 103 *supra*, proximately caused an unlawful intimation or threat in the free exercise of Plaintiff's freedom to speech and right to petition without procedural due process.

## COUNT III. CONSPIRACY AGAINST RIGHTS

106. Defendants' conduct, incorporate by reference paragraphs 1 through 105 *supra*, proximately caused a criminal conspiracy against the free exercise of

Plaintiff's freedom of speech, right to petition, and liberty without procedural due process.

107. Defendants' conduct, operating the DSWM Trash Division without written policy, procedure, rules, regulations, or safety protocols, proximately caused the criminal conspiracy against the free exercise of Plaintiff's freedom of speech, right to petition, and liberty.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully pray for judgment against Defendants as follows:

1. For damages, including compensatory and punitive damages, legal fees and costs, pursuant to 42 U.S.C. § 1983 and for conspiring to violate Plaintiff's freedom of speech, right to petition, and liberty for nearly a year with no pre-deprivation notice or review or any other opportunity to be heard, as specified in Count I, Count II, and Count III;

2. For injunctive relief for County to remove written reprimand from Plaintiff personnel file, terminate defendants employment as public servants, and seek criminal indictment to stop defendants from acting under color of any law, pursuant to 18 USC §241, §242, and for conspiring to violate Plaintiff's freedom of speech, right to petition, and liberty for nearly a year with no

pre-deprivation notice or review or any other opportunity to be heard, as specified in Count I, Count II, and Count III;

3. For such further and additional relief as the Court deems appropriate under the circumstances, including fees for countless hours of Plaintiff's time, as may be proper.

## JURY TRIAL DEMANDED

Dated: November 09, 2022

Respectfully submitted,

DAVID ARNOLD GRAY
3450 NW 213TH STREET
MIAMI GARDENS, FL 33056
CELL: (305) 469-3767

## Certificate of Service

**I hereby certify** that a true and correct copy of the foregoing was served by email on November 11, 2022, on all counsel or parties of record on the Service List below.

Signature of Filer

## SERVICE LIST

| | |
|---|---|
| DAVID ARNOLD GRAY<br><br>N/A<br><br>3450 NW 213TH STREET<br><br>MIAMI GARDENS, FL 33056<br><br>DAVID@DAVIDGRAYSR@COM<br><br>(305) 469-3767 | TYRONE WILLIAMS<br><br>MIAMI-DADE COUNTY<br><br>111 NW 1ST STREET STE 2110<br><br>MIAMI, FL 33128<br><br>TYRONE.WILLIAMS2@MIAMIDADE.GOV<br><br>(305) 375-1589 |
| ALFRED COLEMAN<br><br>MIAMI-DADE COUNTY<br><br>8000 SW 107TH AVENUE<br><br>HOMESTEAD, FL 33173<br><br>ALFRED.COLEMAN@MIAMIDADE.GOV<br><br>(305) 514-6353 | RONALD HOWARD<br><br>MIAMI-DADE COUNTY<br><br>8831 NW 58TH STREET<br><br>DORAL, FL 33178<br><br>RONALD.HOWARD@MIAMIDADE.GOV<br><br>(305) 514-6328 |
| SHERRA DURHAM-CAMP<br><br>MIAMI-DADE COUNTY<br><br>8831 NW 58TH STREET<br><br>DORAL, FL 33178<br><br>SHERRA.DURHAM-CAMP@MIAMIDADE.GOV<br><br>(305) 514-6328 | AIMEE CABRERA<br><br>MIAMI-DADE COUNTY<br><br>2525 NW 62ND STREET 5TH FLOOR<br><br>MIAMI, FL 33147<br><br>AIMEE.CABRERA@MIAMIDADE.GOV<br><br>(305) 514-6666 |

| | |
|---|---|
| MICHAEL J FERNANDEZ<br><br>MIAMI-DADE COUNTY<br><br>2525 NW 62ND STREET 5TH FLOOR<br><br>MIAMI, FL 33147<br><br>MICHAEL.FERNANDEZ@MIAMIDADE.GOV<br><br>(305) 514-6666 | ACHAYA KELAPANDA<br><br>MIAMI-DADE COUNTY<br><br>2525 NW 62ND STREET 5TH FLOOR<br><br>MIAMI, FL 33147<br><br>ACHAYA.KELAPANDA@MIAMIDADE.GOV<br><br>(305) 514-6666 |
| DANIEL DIAZ<br><br>MIAMI-DADE COUNTY<br><br>2525 NW 62ND STREET 5TH FLOOR<br><br>MIAMI, FL 33147<br><br>DANIEL.DIAZ@MIAMIDADE.GOV<br><br>(305) 514-6666 | TRINESE LAMB<br><br>MIAMI-DADE COUNTY<br><br>2525 NW 62ND STREET 5TH FLOOR<br><br>MIAMI, FL 33147<br><br>TRINESE LAMB@MIAMIDADE.GOV<br><br>(305) 514-6666 |
| CLERK OF THE BOARD<br><br>MIAMI-DADE COUNTY<br><br>111 NW FIRST STREET STE 210<br><br>MIAMI, FL 33128<br><br>CLERK.BOARD@MIAMIDADE.GOV<br><br>(305) 375-5126 | MICHELLE SIFONTES<br><br>MIAMI-DADE COUNTY<br><br>2525 NW 62ND STREET 5TH FLOOR<br><br>MIAMI, FL 33147<br><br>MICHELLE.SIFONTES@MIAMIDADE.GOV<br><br>(305) 514-6666 |

**Exhibit A**

**AD**

**Alfread** ›

iMessage
Today 9:28 AM

Good morning Mr Alfred, this is David Gray. After searching through my orientation package, I realized that I do not have a copy of the day to day operational procedures for "trash truck driver 1". Could you please assist me with getting a copy.

**Delivered**



**Wednesday · Jan 26, 2022 · 3:19 PM**          **Adjust**

IMG_1668

**Screenshot**                                                          PNG

No lens information
1 MP · 828 × 1792 · 446 KB

**Add a location...**

  

## Exhibit B-1

### Administrative Order



**MIAMI-DADE**

**Administrative Order No.:** 7-3

**Title:** Disciplinary Action

**Ordered:** 6/2/1981          **Effective:** 6/2/1981

## AUTHORITY:

Section 4.02 of the Metropolitan Dade County Charter.

## SUPERSEDES:

This administrative order supersedes previous Administrative Order No. 7-3 dated June 6, 1978.

## POLICY:

It is the responsibility of all supervisors to maintain standards of employee conduct in accordance with the Personnel Rules of Metropolitan Dade County, and any stated rules of a department, division or other established work unit. Copies of policies and work rules should be made available to employees and employees should know where to locate them. Supervisors should review these policies and rules with employees on a continuing basis.

Supervisors should be thoroughly familiar with personnel rules and procedures and with labor contract articles concerning performance and disciplinary action. When disciplinary actions are challenged management is required to justify its actions. Fair and reasonable discipline will receive firm support, and can be expected to be upheld. However, discipline which is not supported by facts, or imposed arbitrarily, is unacceptable and must be avoided.

Any employee may be reprimanded, suspended, reduced in grade or dismissed by the head of his department, or designee as approved in Administrative Order 7-16, for any good and sufficient reason which will promote the efficiency of the County service. Negligence, dishonesty, insubordination, or conduct unbecoming a public employee are among such good and sufficient reasons. The aforementioned reasons should not be considered exclusive.

## DEFINITION OF PART-TIME:

Regular part-time employees are those who have worked twenty (20) hours or more per week for at least six (6) months continuously. All other part-time employees are hereby defined as non-regular.

## Exhibit B-2

## APPLICABILITY OF THIS ORDER:

This order shall be applicable only to permanent and regular part-time employees, and to Conditional and C.E.T.A. employees (as authorized by Administrative Order) who have completed calendar periods of continuous employment equivalent to the probationary periods required for their respective classification. However, the EMPLOYEE APPEALS section of this order shall not be applicable to regular part-time employees.

## COUNSELING:

### Informal Counseling:

It is the responsibility of the appropriate supervisor to counsel employees when necessary to improve performance and attempt to avoid the need for disciplinary measures. Supervisors will normally recognize employee situations which could evolve into disciplinary cases and should attempt by friendly, informal counseling, to provide a satisfactory remedy. Informal counseling is not recorded on the PERSONNEL RECORD SUMMARY.

### Formal Counseling:

When the employee fails to respond to informal counseling, formal counseling should be conducted by the supervisor. In the formal counseling session the applicable standards and policies should be discussed. Actions which may be expected if performance does not improve should be explained, and a reasonable time period for correction and review should be set. A narrative description of this counseling should be prepared in triplicate, a copy given to the employee, one forwarded to the Personnel Division, and a copy kept in the department files.

Neither formal nor informal counseling is considered to be disciplinary action. Both should be viewed as preventive efforts to improve performance and thereby avoid the necessity of discipline. Although informal counseling may ordinarily precede formal counseling, the appropriate choice is that of the supervisor. When it is evident, by continued unacceptable behavior, that the employee has not responded to counseling, disciplinary action is appropriate.

During both informal and formal counseling, the supervisor should indicate conduct which is required of the employee. Formal counseling, however, requires that you record and convey to the employee the type of conduct required, the deviations that are the cause of the counseling session, what you expect of the employee and a timetable where appropriate. This is the appropriate time to caution the employee that disciplinary action will be necessary if conduct does not improve. A RECORD OF COUNSELING form shall be removed from an employee's file after two 2 years of good performance during which the employees have not been the subject of disciplinary action or further formal counseling.

## Exhibit B-3

### DISCIPLINARY ACTION:

While counseling should normally precede disciplinary action, an employee who commits a sufficiently serious offense should receive immediate discipline. It is the supervisor's responsibility to know when he/she may be permitted to take immediate disciplinary action and to consult immediately in such cases with his/her supervisor.

### INVESTIGATION:

Disciplinary action **must** be supported by complete and accurate investigation. Assistance by your Departmental Personnel Office, the Personnel Division and Labor Relations Division is available as needed. Should the disciplined employee appeal, the accuracy and thoroughness of the investigation is essential to enable the County to sustain the action.

Obtain pertinent facts by assembling information and relevant documents, which should include statements of witnesses and/or the statement of the employee involved in the incident or performance shortcoming. Every effort must be made to verify information obtained. Interviews may be conducted privately to avoid possible embarrassment to employees or other witnesses. Witnesses' statements should always be signed. While identity may be protected as required, the witnesses should be asked whether they will testify if the employee appeals or whether they object to having their names revealed. Assistance in discussions with witnesses will be provided upon your request.

### PRELIMINARY DETERMINATION:

After full investigation, review policies and rules and determine the specific charges, if any, which should be made against the employee arising out of the investigation. Supervisors may avail themselves of the advice and counsel of their Department Personnel Office, the Personnel Division and Labor Relations Division. When the specific charges have been determined, each charge and a brief supporting summary of the facts upon which it is based should be entered on the DISCIPLINARY ACTION REPORT. If the investigation reveals the absence of a basis for charges, this form should be destroyed. No entry should be made on the PERSONNEL RECORD SUMMARY unless disciplinary action is approved.

### REVIEW OF THE EMPLOYEE'S RECORD:

Review the employee's PERSONNEL RECORD SUMMARY and personnel file (if necessary) to determine the past record. Observe what impact previous discipline, if any, has had on the employee performance and response to supervision. The PERSONNEL RECORD SUMMARY contains favorable as well as unfavorable reports including brief summaries of evaluations and dates of merit increases. (Supervisors must be prepared to explain a poor evaluation or disciplinary action followed by a merit increase. Denial of a merit increase is not a proper substitute for disciplinary action; however, the imposition of discipline may have a bearing on the

## Exhibit B-3

granting of subsequent merit increases.) Except in cases of emergency action, no discipline should be recommended without review of the PERSONNEL RECORD SUMMARY. A pattern of behavior may be observable from this form and should be considered as should entries on any RECORD OF COUNSELING form. When necessary, the full personnel file may be consulted. The objectives are to prepare the supervisor to meet with the employee and to make a recommendation regarding final action.

## INTERVIEW WITH EMPLOYEE AND REPRESENTATIVE, IF ANY:

As soon as possible after completion of the investigation and preparation of the DISCIPLINARY ACTION REPORT the employee shall be scheduled for a private disciplinary session at which he has the right to the presence of a labor organization or other representative. Conduct of these sessions is at the discretion of the division director and may be delegated to an appropriate supervisor, however, the supervisor making the specific charges should be present. When the employee is represented by an agent of the Union or an attorney the division should consider contacting the Labor Relations Division and/or the County Attorney's Office.

The session is intended to provide the employee with an explanation of the charges and notice that disciplinary action is being considered. Any questions which the employee may have should be answered. The response of the employee, including his own explanation of the incident if not previously obtained, or mitigating circumstances, should be noted. If new witness names are introduced they should be contacted after the interview. Suggestions or statements of the employee's representative should be courteously received and noted. The employee must be given the right to respond, orally or in writing, to the charges made and his response must become a part of the DISCIPLINARY ACTION REPORT and taken into consideration **prior** to a final determination being made.

It is County policy to maintain a courteous relationship with employee representatives for the mutual exchange of relevant information. However, these interviews are not hearings, and protracted or argumentative sessions are to be avoided.

## EMPLOYEE ASKED TO SIGN AND GIVEN A COPY:

At the close of the interview the employee should be asked to sign the DISCIPLINARY ACTION REPORT and given a copy. Since this is a new policy and a new format, a patient explanation of the procedure should be offered where needed. If the employee, for any reason, refuses to sign the supervisor should write "Employee refused to sign" and sign his own name with the date. A witness signature should be obtained under this circumstance.

## Exhibit B-5

## FINAL RECOMMENDATION AND APPROVAL:

As soon as possible after the employee interview, a final determination should be made as to the disciplinary action to be taken, if any. If, as a result of further investigation, employee response, or other considerations, discipline is decided against, the employee should be notified, the DISCIPLINARY ACTION REPORT form destroyed, and no entry should be made on the PERSONNEL RECORD SUMMARY. If disciplinary action is to be carried out, the penalty should be determined by a balanced judgment based upon:

- The seriousness of the violation;

- Mitigating circumstances, if any;

- The length of service and previous record of the employee;

- Reasonable consistency in applying similar penalties to similar offenses;

- The prospect that disciplinary action may play a rehabilitative role;

- The attitude and conduct of the employee throughout investigation and personal interview;

- Other relevant factors arising out of County or department practice or the peculiarities of the particular incident under consideration.

Ordinarily, discipline may be applied in a progressive fashion, with more severe penalties following successive violations. This is particularly true where a relatively minor offense is repeated. However, serious offenses may call for appropriately severe penalties. When the final recommendation is completed the form should be sent to the appropriate person with authority to take disciplinary action in accordance with Administrative Order 7-16 . The form should indicate the specific dates of any changes in the employee pay status such as the dates of a suspension or the date of termination.

If the recommended disciplinary action calls for dismissal, the employee must be given the opportunity to respond orally to the charges before the departmental official charged with the final authority to take dismissal action. The employee, again, has the right to the presence of the labor organization or other representative of the employee's choosing for this oral response before the authorized departmental official.

## Exhibit B-6

## RESIGNATION IN LIEU OF DISCIPLINARY ACTION:

Where a decision is made, subsequent to Final Approval, to permit an employee to resign in lieu of dismissal the employee must submit the resignation in writing. This resignation shall be held for 24 hours after which it shall become final unless retracted during the 24 hour period. **This rule applies only when a resignation is accepted in lieu of dismissal** and the employee **must** have been told that he/she will be terminated in the absence of the resignation. Resignations may be accepted in lieu of termination at the discretion of the department, which should first consult with the Personnel Division.

## NOTICE:

Formal notification to the employee of disciplinary action (except reprimands) shall be in the form of a letter spelling out charges and specifications and advising the employee of his right to appeal. The employee should sign for his copy of this letter, if presented personally, or the letter should be sent to the employee by certified mail. Copies shall be provided to the Personnel Director and Labor Relations Director.

## EMERGENCY ACTION:

Actions in accordance with County Code: Nothing in these policies shall prevent the imposition of emergency disciplinary suspension and/or removal from the premises in cases where such action is warranted. Such actions shall be followed by immediate consultation with the Personnel Director or Labor Relations Director. As soon as practicable, the procedures described herein shall be undertaken and completed. These procedures shall, if possible, include an interview with the employee and/or his representative. Non-emergency disciplinary action, actions in the nature of preliminary suspension pending disposition of criminal charges, or any other action required by law shall be carried out with appropriate adjustments, if any, in these procedures. Personnel files and PERSONNEL RECORD SUMMARY should identify such actions and the reasons therefore.

## EMPLOYEE APPEALS:

Except for employees suspended under the automatic suspension policy (or employees not entitled to appeal), employees may appeal disciplinary action (except reprimands) to a Hearing Examiner within fourteen (14) days by requesting same in writing of the Personnel Director in accordance with Section 2.47 of the Metropolitan Dade County Code. The Hearing Examiner shall conduct a hearing after notice upon the charges and shall transmit his findings-of-fact, conclusions, and any recommendations together with a transcript of all evidence taken before him and all exhibits received by him, to the County Manager.

**Exhibit C-4**

## DIVISION DIRECTOR'S REPLY TO GRIEVANCE
(Photocopy to Labor Relations)

NO WRITTEN RESPONSE

| Division Director's Signature and Date presented to employee: | Signature of Employee: |
|---|---|

**C**

If grievance is not resolved, the employee may comment below then appeal grievance to Department Director.

Employee's Comment: _____

On 02/11/2022, a second follow up meeting was held at 58th street with Division Chief Ronald Howard, Waste Supervisor2 Alfred Coleman, Waste Supervisor1 Raymond Dennison, and Assistant Director Sherra Durham-Camp, who chimed-in by speaker phone.
  Please continue reading on the sheet below marked Continue Reading (C)

| Employee's Signature indicating appeal to Department Director: | Date appeal submitted: | Signature of Employee: |
|---|---|---|
| *David Gray* | 02/15/2022 | |

## DEPARTMENT DIRECTOR'S REPLY TO GRIEVANCE
(Photocopy to Labor Relations)

Grievance Denied; No violation of policies and procedures
Refer to the attached response

| Department Director's Signature and Date presented to Employee: | Signature of Employee: |
|---|---|
| *[signature]*   2/22/22 | Sent via email to david@davidgraysr.com |

Page 3 of 4

# Exhibit C-5

## Continue Reading (C)

The morning of the meeting, David informed Mr Howard that he felt uncomfortable and intimidated by the environment that was set from the first meeting. However, David was instructed by Mr Howard that he must attend the second meeting. During the meeting Mr Howard offered to provide unofficial county documents that lacked the county logo, the date of creation, and the signature of approval. David decline to accept these documents due to the fact the grievance process was on Step 3 and a written response from Ms Durhan-Camp was required at that time *(see attached: David-response-to-follow-up-meeting.pdf)*.

As of 02/15/2022, management has failed to comply with the grievance procedures in accordance with Administrative Order 7-18, which requires the intermediate level supervisor in Step 2 and the division director in Step 3, to respond to the employee in writing within seven (7) calendar days from the date the written grievance was received, as a result, the grievance has proceeded to Step 4.

**Remedial Action to Satisfy Grievance in Step 4:**

Provide David Gray with a copy of the department's Standard Operating Procedures as it pertains to the day-to-day operational function and duties of a Trash Truck Drive 1 (for Roll Off and Bulky Waste), in accordance with the County's timeline in Step 4 of the grievance process which is 7 calendar days from the date this written grievance was received.

If there are no written procedures in place, David is requesting that management explains the following:

1. How can employees like David Gray, be held accountable and disciplined for failing to abide by policies which they have no access too?
2. What are management's plan to create and provide copies of policies and work rules to employees like David Gray?
3. When can employees like David Gray, expect to have access to all work and operational procedures and policies for which an employee may be discipline for?

Exhibit D-1

## Administrative Order


MIAMI-DADE

**Administrative Order No.:** 7-18

**Title:** Grievance Procedure

**Ordered:** 4/21/1998          **Effective:** 5/1/1998

**AUTHORITY:**

Section 4.02 of the Miami-Dade County Home Rule Amendament and Charter.

**SUPERSEDES:**

This Administrative Order supersedes previous Administrative Order No. 7-18, ordered and effective April 18, 1978.

**POLICY:**

It is the policy of Miami-Dade County to provide to all eligible employees a grievance procedure for the resolution of disputes or complaints concerning the terms and conditions of their employment.

**ELIGIBLE EMPLOYEE:**

All permanent, probationary, and regular part-time employees are eligible to use this grievance procedure. Regular part-time are those employees who have worked more than twenty (20) hours per week continuously for six (6) months or more.

The grievance procedure stated herein shall be available to eligible employees (1) not covered by a collective bargaining agreement; or (2)who elect the grievance procedure established by this administrative order. Where a grievance is processed under a labor agreement, such procedure shall be controlling and the procedure described herein shall not be used. Selection of a grievance procedure under this order or under a labor agreement shall be made on the Employee Standard Grievance Form and shall be binding upon the employee. Under no circumstances shall both grievance procedures be used.

**COMPLIANCE WITH LOCAL AND STATE LAW:**

All grievances are to be fairly and appropriately resolved in accordance with Statutes, the Miami-Dade County Home Rule Amendment and Charter, the Code of Miami-

Exhibit D-2

Dade County, the Miami-Dade County Personnel Rules, and other applicable County and departmental rules and regulations. In accordance with Section 447.301 (4), Florida Statutes, grievances may be adjusted under this grievance procedure without the intervention of the bargaining agent only if the adjustment is not inconsistent with the terms of any applicable collective bargining agreement. Section 447.401 provides that career service employees shall have the option of utilizing a Civil Service grievance procedure as opposed to that provided in a labor agreement. It is the purpose of this administrative order to comply with statutory directives while at the same time maintaining the integrity of negotiated grievance procedures.

**DEFINITIONS:**

1. "Days" means calendar days.

2. A "representative" is any person selected by a grievant to assist the grievant in the course of this grievance procedure.

3. Grievance means a dispute over the intrepretation or application of a County order, rule, or regulation pertaining to the terms and conditions of the grievant's employment, which is not excluded from the grievance procedure as provided in the section of this order below entitled EXCEPTIONS, and which is not otherwise reviewable in any other administrative manner.

**EXCEPTIONS:**

This grievance procedure shall not be applicable to the following matters: Disciplinary actions including reprimands; performance evaluations; classification appeals; job description appeals; disability determinations; formal and informal counseling; and matters for which an appeal is otherwise provided. In all such matters employees shall utilize appellate procedures provided by County rules and regulations. Termination of the probationary period is final and may not be grieved or appealed.

**PROCEDURE:**

Each grievance when filed shall state with particularity the facts upon which it is based, the rule, regulation or administrative order which is alleged to have been violated, the remedial action requested and the reason for the remedy requested. Names, places and dates which are important should be set forth in order to aid

## Exhibit D-3

prompt and proper resolution of the grievance. A grievant shall have the right to the presence of a representative of his/her choosing.

### Step 1

The aggrieved employee shall discuss the grievance with his/her immediate supervisor within seven (7) calendar days of the incident or within seven (7) days after the employee could reasonably be expected to have knowledge of the incident which gave rise to the grievance. The immediate supervisor shall respond verbally to the employee within seven (7) calendar days.

### Step 2

If the grievance has not been satisfactorily resolved at Step 1, the employee may appeal by reducing the grievance to writing on the standard form provided by the County for this purpose and presenting it to the intermediate level supervisor within seven (7) calendar days from the time the immediate supervisor's response was due in Step 1. The intermediate level supervisor shall respond to the employee in writing within seven (7) calendar days from the date the written grievance was received.

### Step 3

If the grievance has not been satisfactorily resolved at Step 2, the employee may appeal to the division director concerned within seven (7) calendar days from the time the intermediate level supervisor's response was due in Step 2. The division director concerned shall respond to the employee in writing within seven (7) calendar days from the date the written grievance was received.

### Step 4

If the grievance has not been satisfactorily resolved in Step 3, the employee may appeal to the department director within seven (7) calendar days from the time the division director's response was due in Step 3. The department director shall meet with the employee and respond to the employee in writing within seven (7) calendar days from the date the written grievance was received.

**GRIEVANCE APPEAL HEARING:**

If the grievance has not been satisfactorily resolved in Step 4, the employee may request an appeal hearing before the Grievance Appeal Panel. The request shall be made to the Director of the Employee Relations Department, in writing, within seven (7) calendar days of receipt of the response in Step 4. (The Director of the Employee Relations Department shall initially determine whether the grievance complies with the provisions of this administrative order, and if in compliance, schedule an appeal

## Exhibit D-4

hearing to be conducted as promptly as possible.) The employee shall be provided at least five (5) calendar days' notice of the hearing. A decision by the Director of the Employee Relations Department that the grievance is not in compliance with the provisions of this administrative order or does not concern a term or condition of employment as provided herein is final and binding and not subject to further review. The Director may, however, refer the matter for alternative resolution where appropriate.

The employee must submit copies of any supporting documentation prior to the date of the panel hearing in order to allow panel members time to properly consider the evidence. No additional documentation will be permitted at the hearing unless previously submitted. At the hearing, the employee and/or his/her representative will have the right to explain and argue the grievance. A departmental representative shall attend and respond to the grievance. The hearing will be informal in nature and will not be governed by any formal rules of civil procedure. The hearing will be conducted in an orderly fashion.

The Grievance Appeal Panel will render a decision, in writing, as promptly as possible, after the conclusion of the hearing. Such decision shall be final, and binding, and not subject to further review.

**GRIEVANCE APPEAL PANEL:**

The Grievance Appeal Panel shall consist of the Director of the Employee Relations Department and the two (2) County department directors. The Director of the Employee Relations Department shall appoint department directors to serve on the Panel from a rotating list as needed. In no case, however, shall either of the appointed department directors be from the aggrieved employee's department. Any member of the Panel who feels his/her partiality is reasonably subject to question may decline to serve, and he/she shall be replaced by a department director selected by the Director of the Employee Relations Department from the rotating list.

**GENERAL PROVISIONS:**

Either party shall be permitted one (1) extension of time at either Step 2, 3, or 4, as a matter of right, not to exceed seven (7) calendar days. The other party must, however, be notified of the extension in writing prior to the expiration of the time limit for the steps. Additional extensions at Steps 2, 3 or 4, and extensions of the Grievance Appeal hearing may be granted to either party upon a showing of good cause.

If the grievant's immediate supervisor is the person designated in either Step 2, 3 or 4, the employee shall first discuss the grievance with the supervisor as provided in

## Exhibit D-5

Step 1; then, if unresolved, shall submit the grievance in writing directly to the next appropriate step.

If a grievance is not processed by the employee within the time limits provided, the grievance shall be considered dropped with prejudice. If the department fails to process a grievance within the time limit provided for that step, the grievance shall automatically proceed to the next step.

Requests for advice regarding this Career Service Grievance Procedure and for interpretations of all collective bargaining agreements should be directed to the Labor Management and Employee Appeals Division of the Employee Relations Department.

This Administrative Order is hereby submitted to the Board of County Commissioners of Miami-Dade County, Florida.

Armando Vidal, P.E.

County Manager

# Exhibit E

## Summary of meeting on 02/01/2022



**From**  David Gray <david@davidgraysr.com>
**To**  Ronald Howard <ronald.howard@miamidade.gov>
**Date**  2022-02-03 00:55

On February 1, 2022, at 7:00am, David Gray was escorted from 3B to 58 Street to meet with the Division Chief Ronald Howard and Supervisor Alfred Coleman, regarding step-2 of David's grievance which involved Supervisor Alfred Coleman.

Continuously, the Division Chief Ronald Howard emphasized on his long-term friendship with Supervisor Alfred Coleman, and his strong disbelief in the events leading up to the grievance.

Division Chief Ronald Howard admitted to there being no Standard Operating Procedures in place for the employees in the classification of Trash Truck Driver 1. Then he offered to prepare - I quote "something like a cheat sheet" end quote, but he will not be able to produce it before next Friday.

The corrective action to satisfy the grievance as stated, does not require the need of an extension for a cheat sheet, it only requires answers to the three question which were not addressed doing this meeting.

--
Sincerely,
David Gray, Professional Forex Trader & Software Developer
Ph: (305) 469-3767
Learn more at: www.davidgraysr.com

# Exhibit F

## Re: Formal Grievance Follow-up Meeting - David Grey, Trash Truck Driver

**From**  David Gray <david@davidgraysr.com>
**To**  Howard, Ronald (DSWM) <Ronald.Howard@miamidade.gov>
**Cc**  Sherra (DSWM) <Sherra.Durham-Camp@miamidade.gov>
**Date**  2022-02-10 22:40

Good evening Mr Howard,

I received your email today on 2/10/2022, and it appears to be a misunderstanding of the grievance procedure in accordance with Administrative Order 7-18. At this time, we are currently on day two of Step3. Therefore, another meeting with you to discuss the grievance further is not the proper protocol of the grievance procedure based on the following:

- In Step2, the intermediate level supervisor shall respond to the employee in writing within seven (7) calendar days from the date the written grievance was received.
- Either party shall be permitted one (1) extension of time at either Step 2, 3, or 4, as a matter of right, not to exceed seven (7) calendar days. The other party must, however, be notified of the extension in writing prior to the expiration of the time limit for the steps.
- If the department fails to process a grievance within the time limit provided for that step, the grievance shall automatically proceed to the next step.

On 2022-02-10 20:45, Howard, Ronald (DSWM) wrote:

> Mr. Gray,
>
> This email acknowledges your attached grievance along with the meeting held with you on Tuesday, February 1, 2022, during which Alfred Coleman, Waste Supervisor 2, was present. I will be meeting with you on Friday, February 11, 2022 at 9:00 am to discuss the grievance further and to provide you with a written response.
>
> *Ronald Howard, Chief, Collection Operation Divisions*
> *Miami-Dade County Department of Solid Waste Management*
> *Collection Operations*
> *8831 NW 58th Street*
> *Miami, FL 33168*
> *Phone: (305) 514-6328*

--
Sincerely,
David Gray, Professional Forex Trader & Software Developer
Ph: (305) 469-3767
Learn more at: www.davidgraysr.com



## Exhibit G

**Solid Waste Management**
2525 NW 62nd Street • Suite 5100
Miami, Florida 33147
T 305-514-6666

**miamidade.gov**

Sent via email to david@davidgraysr.com

February 22, 2022

David Gray, Trash Truck Driver 1
Trash Division - 3B

**Re:    Career Service Grievance: Trash Division Policies and Procedures**

Dear Mr. Gray:

I have received the attached grievance regarding your complaint of the inaccessibility of certain Trash Division policies and procedures.  Based on the information provided in the grievance, there is no violation of Miami-Dade County and/or Department of Solid Waste Management (DSWM) policies and procedures, therefore the grievance is denied.  Contrary to your statement that no written response was provided, Ronald Howard, Chief, Trash Division attempted to provide you with a written response, however you elected not to discuss the grievance and/or receive a copy of the response.

Although the grievance is denied, in order to resolve this matter, I have provided the responses to your requested remedial action as follows:

Requested Action: Provide David Gray a copy of the Standard Operating Procedures (SOPs) as it pertains to the day-to day operational functions and duties of a Trash Truck Driver 1 (for Roll-Off and Bulky Waste) in accordance with the County's timeline in Step 4 of the grievance process, which is 7 calendar days.

The SOPs for the Trash Division are being updated.  However, for your reference, enclosed is the job description and Trash Truck Driver's daily duties for your classification.  The daily duties will be provided to all Trash Truck Drivers.  Please accept and sign the memorandum when provided by management.

1. How can employees like David Gray, be held accountable and disciplined for failing to abide by policies, which they have no access to?

Although a policy may not be in writing, employees are held accountable and may receive discipline for failing to follow a reasonable directive and/or instructions provided by the supervisor; failure to follow a directive is considered insubordination.  Attached for your reference are the Miami-Dade County Personnel Rules for the Classified Service, Cause for Dismissal, Demotion, or Suspension.

2. What are management's plan to create and provide copies of policies and work rules to employees like David Gray?

Policies and work rules will be provided to employees upon request and if available.

3. When can employees like David Gray, expect to have access to all work and operational procedures and policies for which an employee may be disciplined for.

During Department New Employee Orientation, you were provided with the County's and Department's policies for which an employee may be disciplined.  Specific policies are provided to employees when incidents occur.

Sincerely,

Michael J. Fernandez, Director
Department of Solid Waste Management

cc:    Michael W. Ruiz, Assistant Director, Administration, DSWM
      Sherra Durham Camp, Assistant Director, Collections, Operations, DSWM
      Ronald Howard, Chief, Trash Division, DSWM
      Tyrone Williams, Chief, Labor Relations and Employee Appeals Division, HRD

Exhibit H

**Memorandum**

Date: 02/24/2022

To:          Arleene Cuellar, Director
             Human Resources

From:        NAME: __David Gray_____

             ID # ___313877_____

Subject:     APPEAL REQUEST

---

Please be advised that I wish to request an appeal hearing for the following action:

| CHECK THE APPROPRIATE BOX: | DATE OF ACTION |
|---|---|

☐  1.   Disciplinary Action 2.47        _____
        ☐ a. Suspension   (length) _____
        ☐ b. Demotion
        ☐ c. Dismissal

☐  2.   Performance Evaluation          _____

☐  3.   Disability Denial               _____

☐  4.   Classification Action           _____

☐  5.   Job Abandonment                 _____

☒  6.   Career Service Grievance        __01/26/2022__

☐  7.   Employee Protection Ordinance   _____

☐  8.   Name Clearing Hearing           _____

You may contact me at the following address and telephone number:

__3450 NW 213th Street__
Street

__Miami Gardens, FL 33056__
City, State, Zip

__(305) 469-3767__
Phone

# Exhibit I



**Human Resources**
111 NW 1ˢᵗ Street – 21ˢᵗ Floor
Miami, Florida 33128

miamidade.gov

March 29, 2022

Mr. David Gray
3450 NW 213 Street
Miami Gardens, FL 33056

Re:   Request for a Career Service Grievance
      Department of Solid Waste Management (DSWM)

Dear Mr. Gray:

The Labor Relations and Employee Records Division have carefully reviewed your request for a Career Service Grievance appeal hearing and have determined that your request cannot be granted.

As provided in Miami-Dade County Administrative Order 7-18, Career Service Grievance Procedure, it is the policy of Miami-Dade County to provide to all eligible employees a grievance procedure for the resolution of complaints or disputes concerning terms and conditions of employment. A grievance is defined in the Administrative Order as a dispute over the interpretation or application of a County order, rule, or regulation pertaining to the terms and conditions of the grievant employment. Excluded from this procedure are those matters and disputes otherwise subject to appeal or review through another administrative process.

Your request does not allege a violation of any County order, rule or regulation pertaining to a term or condition of employment. Therefore, your request for a Career Service Grievance appeal hearing is respectfully denied.

Sincerely,

Tyrone W. Williams, Esq.
Division Director
Labor Relations and Employee Records Division
Human Resources

c:   Arleene Cuellar, Director, Human Resources
     Michael Fernandez, Director, DSWM
     Michael Ruiz, Assistant Director, Administration, DSWM
     Sherra Durham Camp, Assistant Director, Collections/Operations, DSWM
     Ronald Howard, Chief, Trash Division, DSWM
     Michelle Sifontes, Chief, Human Resources Division, DSWM
     Trinese Lamb, Chief, Labor Relations, DSWM

29049

**Employee David Gray Grievance Unaddressed - Need Your Help!**

| | | |
|---|---|---|
| **From** | David Gray <david@davidgraysr.com> | |
| **To** | <Jimmy.Morales2@miamidade.gov>, <Shirley.Jones@miamidade.gov> | **Exhibit J** |
| **Cc** | <Daniella.Cava@miamidade.gov> | |
| **Date** | 2022-03-29 16:54 | |
| **Priority** | High | |

🔲 Grievance and Appeal Documents.pdf (~4.1 MB)   🔲 Labor Relations Letter.pdf (~146 KB)

Good afternoon Mr. Morales,

My name is David Gray, I am a Trash Truck Driver 1 in the Department of Solid Waste Management (DSWM), employed with Miami Dade County since May of 2015. I have experienced a situation in the past few weeks which I deem can be contributed as a violation to my condition for employment with Miami Dade County. When the issued occurred I took the necessary steps to follow the chain of command and the County's Administrative Order(AO) 7-18. Within this process, the DSWM failed to abide by the process of how AO 7-18 should be handled. I received a denial of my grievance by the department director Michael Fernandez. Please note this denial of my grievance by Mr. Fernandez was issued to me without Mr. Fernandez meeting with me to discuss the grievance as required by AO 7-18. I then proceeded to file my request for an appeal to the Department of Human Resources, due to the fact my grievance was not addressed by the department to bring about a resolution to a major issue at hand concerning the department's lack of providing Standard Operation Procedures to field employees such as myself, but yet the department is actively issuing write ups to employees for failing to follow procedures that employees are unaware of. In my case, I was threaten with a write up for a procedure that was never explained or provided to me. Please see attached submission of my grievance for more details.

On March 29, 2022, I received a letter from the Labor Relations and Employee Records Division stating my request for an appeal hearing was denied due to a lack in violation of any County order, rule, or regulation pertaining to a term or condition of employment. I totally disagree with Labor Relations review as I have clearly provided statements that outlined exactly how the department has indeed violated the County's order, rules or regulation(s). Please see attachment of my appeal which was submitted.

Now, fast forwarding to recent events, I now have an issue with being retaliated against by supervisors due to what I believe is from my submission of my grievance. These last few weeks have been very stressful for me on the job and off job as well as stressful to my home life. It's frustrating as employee who comes to work every day, on time, perform my job duties above satisfactory without the need of supervision; and yet I have to befall such treatment from this organization. I have reached out for help to entities such Human Resources who is supposed to be an unbiased party in matters such as mines and assist employees and management to derive to equitable solutions in matters such as this however, I am being ignored and my concerns have not been met  on every level of  following the County's process.

As a result, I am reaching out to the Mayor's Office to have my concerns heard and addressed, which is why I am requesting to meet with you to discuss these serious matters that I am experiencing and to assist me with a real resolution to these problems as well as having the workplace harassment to stop immediately. Please advise when you are available to meet. I maybe reached at 305-469-3767 or via email at david@davidgraysr.com .
Thank you for your time and I look forward to hearing from you soon.

--
Sincerely,
David Gray, Professional Forex Trader & Software Developer
Ph: (305) 469-3767
Learn more at: www.davidgraysr.com

## Re: Request for Meeting Concerning Employee Workplace Harassment David Gray



**From** Cava, Daniella Levine (Office of the Mayor) <Daniella.Cava@miamidade.gov>

**Exhibit K**

**To** Gray, David [DAVIDGRAYSR] <david@davidgraysr.com>

**Cc** Morales, Jimmy (Office of the Mayor) <Jimmy.Morales2@miamidade.gov>, Rowan, James (DTPW) <James.Rowan@miamidade.gov>, Cuellar, Arleene (HR) <Arleene.Cuellar@miamidade.gov>

**Date** 2022-04-24 19:45

I am so sorry you are having issues which have not been resolved. Via this email I am asking for help looking into this from Jimmy and James. Arleene please check on status of the investigation.

**Daniella Levine Cava**, Mayor

*Miami-Dade County*

*111 NW 1 Street, 29th FL, Miami, FL 33128*
*(305) 375-1880*
https://www.miamidade.gov/mayor

Connect With Me on Twitter | Instagram | Facebook

"The past does not define the future."

On Apr 24, 2022, at 3:42 PM, David Gray <david@davidgraysr.com> wrote:

EMAIL RECEIVED FROM EXTERNAL SOURCE

Dear Mayor,

I am reaching out to you in concern of very serious conditions going on in the DSWM. You will be my last County resource I attempt to get a resolution from concerning the ongoing hostile work environment, civil rights discrimination, and harassment from management. As previously stated in an email that was sent to COO Jimmy Morales and a copy to you on 3/29/2022, I have followed the chain of command to address my issue, unfortunately that same chain of command is the very group of people who are setting a hostile work environment for me. I have submitted a claim to labor relations who stated they did not have jurisdiction over the matter leaving me to search for who did. Through my own research I found the Office of Human Rights and Fair Employment which I submitted a claim that is currently under investigation. However, in the mean time my civil rights are being violated by management at DSWM under your watch.  I have documentation of harassment due to my outspokenness concerning DSWM. I have followed the grievance process which I was due a right to meet with Director Fernandez who never met or communicated with me to hear my concerns, I requested a meeting with Mr. Morales to discuss my concerns and was advised that he was looking into the matter. I am now reaching out to you as I can no longer go through the abuse and pressure I am enduring everyday of work. I really need to speak with you personally to explain everything from A to Z, and I am pleading with you to intervene to stop the ongoing harassment I am receiving. I understand that you are busy but again your attention to the matter is greatly needed as I believe you are the only power that can correct this chaos. I can be reached at 305-469-3767.

Sincerely,
David Gray, Professional Forex Trader & Software Developer
Ph:(305) 469 - 3767
Learn more at: www.davidgraysr.com

Fwd: Calling Out Injustice on Your Watch

**Exhibit L-1**

From:  David Gray (david@davidgraysr.com)

To:  dgraysr92@yahoo.com

Date:  Saturday, September 10, 2022 at 12:13 PM EDT

-------- Original Message --------

**Subject:**Calling Out Injustice on Your Watch
  **Date:**2022-06-07 21:47
  **From:**David Gray <david@davidgraysr.com>
    **To:**Daniella Cava <Daniella.Cava@miamidade.gov>, Johanna Cervone
        <johanna.cervone@miamidade.gov>
    **Cc:**Edward.Marquez@miamidade.gov, Jimmy.Morales2@miamidade.gov,
        Michael.Fernandez@miamidade.gov, Michelle.Sifontes@miamidade.gov,
        Trinese.Lamb@miamidade.gov, Tyrone.Williams2@miamidade.gov,
        Arleene.Cuellar@miamidade.gov, "Sherra (DSWM)" <Sherra.Durham-
        Camp@miamidade.gov>, lytice.ferreras@miamidade.gov, Ronald Howard
        <ronald.howard@miamidade.gov>, Alfred.Coleman@miamidade.gov,
        Michael.Ruiz@miamidade.gov

Greetings

A recent public records request for a copy of the current or outdated Standard Operational Procedures (SOP's) for the DSWM Trash Division on May 20, 2022, revealed the truth that no SOP's ever existed. This new information officially clarifies the following:

1) When I asked Mr. Coleman for a copy of the day-to-day operational procedures for Trash Truck Driver 1 on January 26, 2022, he was really being sincere when he said: and I quote "we don't have no such copy, I have the rule book in my head" end quote.

2) Mr. Howard and Ms. Durham-Camp fail to respond in writing because they knew... beyond the shadow of a doubt, SOP's could not be provide and they couldn't truthfully answer the questions I asked to satisfy the grievance in step (2) and (3) (see grievance).

3) In step (4), Mr. Fernandez decided to manipulate the situation with the use of misleading and dishonest statements, to include but are not limited to: (1) the SOP's for the Trash Division are being updated, and (2) employees are held accountable and may receive discipline for failing to follow a reasonable directive (see denial letter).

4) Ms. Cuellar, the Director of Human Resource willfully used misleading and dishonest statements in her response to question 17, to include but are not limited to: (1) based upon your grievance the department provided you with applicable SOP's, and (2) no adverse actions were taken against you by your departmental supervisors (see response letter).

5) Mr. Howard, Ms. Durham-Camp, and Mr. Fernandez are currently using Miami Dade County Personnel Rules of the Classified Service Chapter VIII Section 7, to suspended, demoted, and

Exhibit L-2

dismiss employees in the Trash Division, based upon their interpretation of Mr. Coleman's personal rule book. In support of this statement, an official copy of a recent discipline record is attached (see Theodore Gulley).

- Mr. Gulley was charged with subsection (D) and was found guilty of being insubordinate, based solely on his actions of undermining the instructions given to him by the Waste Attendant at the Trash and Recycling Center, the supervisor stated in his statement: the Waste Attendant is in charge of the Trash and Recycling Center. A few weeks later, Mr. Gulley was demoted from a Trash Truck Driver 1 to a Waste Attendant, how ironic.

The Department of Solid Waste Management is willfully operating in violating of Administrative Order No.: 7-3:

- POLICY: It is the responsibility of all supervisors to maintain standards of employee conduct in accordance with the Personnel Rules of Metropolitan Dade County, and any STATED rules of a department, division or other established work unit. Copies of policies and work rules should be made available to employees and employees should know where to locate them.
- The definition for the word "STATED" is "clearly expressed or identified" and the word "Copies" in the second sentence, requires "clearly expressed or identified" to be in writing.

On May 27, 2022, the department passed out a single page memo as the daily duties for Trash Truck Driver 1. This memo was dated May 17, 2022, and it contained 13 bullet points of ambiguous information; however, it provided insight to why the department has no written rules and procedures.

- To demonstrate the level of professionalism expected from management, I wrote an updated version of the memo
- and, offered to assist with drifting a more detailed manual that will outline procedural guidance & structure, establish departmental standards, provide a discretional parameter for supervisors, improve performance & productivity, and promote a higher moral amongst employees (see Original TTD Duties & Updated TTD Duties).

Mayor Daniella Cava, I am calling out Jim Crow practices on your watch, and demanding change on behalf of the men and women I work with in the trash division. I rather you discipline them for their willful acts of negligence and conduct unbecoming, as opposed to me ruining their careers in a court of law. Although they deserve it!

Sincerely,
David Gray, Ph: (305) 469-3767
Professional Forex Trader, License Real Estate Agent, and
Freelance IT Database Administrator & Architect Developer
Learn more at: www.davidgraysr.com
--
Sincerely,
David Gray, Ph: (305) 469-3767
Professional Forex Trader, License Real Estate Agent, and
PHP Database Administrator & Architect Developer
Learn more at: www.davidgraysr.com

 grievance.pdf
2.7MB

 denial letter.pdf

## Fwd: Post Decisional Information Request



**From**  Gray, David (DSWM) <David.Gray@miamidade.gov>
**To**  Gray, David [DAVIDGRAYSR] <david@davidgraysr.com>
**Date**  2022-08-05 15:23

# Exhibit M-1

Sincerely,
David Gray
Trash Truck Driver 1
Dept. of Solid Waste Mngt.

Begin forwarded message:

---

**From:** "Gray, David (DSWM)" <David.Gray@miamidade.gov>
**Date:** August 3, 2022 at 9:04:43 AM EDT
**To:** "Howard, Ronald (DSWM)" <Ronald.Howard@miamidade.gov>
**Subject: Post Decisional Information Request**

---

Good afternoon Mr. Howard
I am reaching out to you as a citizen/employee and I am invoking all rights guaranteed to me under the Miami Dade County Home Rule Amendment and Charter.

DEFINITION:
An intermediate stage, level, or position is one that occurs between two other stages, levels, or positions.

CHAIN OF COMMAND:
Waste Supervisor 1 - Mr. Alfred Coleman
Division Chief 3 - Mr. Ronald Howard
Assistant Director - Ms. Sherra Durham-Camp
Director - Mr. Michael Fernandez

I emailed you a Career Service Grievance on July 5, 2022, the subject line read "Step 2 of Grievance" in accordance to the terms and conditions set forth by the County's Administrative Order (AO) 7-18, but you responded as if the grievance had advanced to step 3, therefore:

My question to you at this time is simple: did you respond to step 3 in error or, did you willfully act on your own authority to skip step 2 or, did you discuss the grievance with your superior Ms. Durham-Camp and obtained her authorization?

The following information below is provided to you in good faith:

It is unlawful to deprive a person of life, liberty, or property without due process. A deprivation of property for procedural due process purposes, occurs when a person has an entitlement and that entitlement is not fulfilled. In lay lanague: your response to this email is my property.

Sincerely,

David Gray
Trash Truck Driver 1
Dept. of Solid Waste Mngt.

## Fwd:



**From** Gray, David (DSWM) <David.Gray@miamidade.gov>
**To** Gray, David [DAVIDGRAYSR] <david@davidgraysr.com>
**Date** 2022-08-05 15:23

# Exhibit M-2

Sincerely,
David Gray
Trash Truck Driver 1
Dept. of Solid Waste Mngt.

Begin forwarded message:

**From:** "Gray, David (DSWM)" <David.Gray@miamidade.gov>
**Date:** August 3, 2022 at 10:48:35 AM EDT
**To:** "Durham-Camp, Sherra (DSWM)" <Sherra.Durham-Camp@miamidade.gov>

Good morning Ms. Durham-Camp
I am reaching out to you as a citizen/employee and I am invoking all rights guaranteed to me under the Miami Dade County Home Rule Amendment and Charter.

DEFINITION:
An intermediate stage, level, or position is one that occurs between two other stages, levels, or positions.

CHAIN OF COMMAND:
Waste Supervisor 1 - Mr. Alfred Coleman
Division Chief 3 - Mr. Ronald Howard
Assistant Director - Ms. Sherra Durham-Camp
Director - Mr. Michael Fernandez

I emailed you a Career Service Grievance on July 12, 2022, the subject line read "Step 3 of Grievance" in accordance to the terms and conditions set forth by the County's Administrative Order (AO) 7-18, but you choose not to respond or not to acknowledge the grievance; however, the grievance was forwarded to Mr. Fernandez and advanced to step 4, therefore:

My question to you at this time is simple: did you willfully act on your own authority to by-pass step 3 or, did you discuss the grievance with your superior Mr. Fernandez and obtained his authorization?

The following information below is provided to you in good faith:

It is unlawful to deprive a person of life, liberty, or property without due process. A deprivation of property for procedural due process purposes, occurs when a person has an entitlement and that entitlement is not fulfilled. In lay lanague: your response to this email is my property.

Sincerely,

David Gray
Trash Truck Driver 1
Dept. of Solid Waste Mngt.

### Fwd: Decision Made on March 25, 2022



**From**   Gray, David (DSWM) <David.Gray@miamidade.gov>
**To**      Gray, David [DAVIDGRAYSR] <david@davidgraysr.com>
**Date**    2022-08-05 15:22

# Exhibit M-3

Sincerely,
David Gray
Trash Truck Driver 1
Dept. of Solid Waste Mngt.

Begin forwarded message:

**From:** "Gray, David (DSWM)" <David.Gray@miamidade.gov>
**Date:** August 2, 2022 at 12:27:44 PM EDT
**To:** "Dinson, Theodore (DSWM)" <Theodore.Dinson@miamidade.gov>
**Cc:** "Valdes, Desiderio (DSWM)" <Desiderio.Valdes@miamidade.gov>, "Ferguson, Gregory (DSWM)" <Gregory.Ferguson@miamidade.gov>, "Coleman, Alfred (DSWM)" <Alfred.Coleman@miamidade.gov>, "Dennison, Raymond (DSWM)" <Raymond.Dennison@miamidade.gov>
**Subject: Decision Made on March 25, 2022**

Good afternoon Mr. Dinson
I am reaching out to you as a citizen/employee and I am invoking all rights guaranteed to me under the Miami Dade County Home Rule Amendment and Charter.

On March 25, 2022, at the Sunset Kendall Trash & Recycling Center (TRC), a meeting with you, Mr. Desiderio Valdes, and Mr. Gregory Ferguson who are also Waste Supervisors 1, and myself was convened at the administrative building in the office area reserved for Roll-Off Drivers and Trash Truck Drivers-2 to report for duty.

Based on an email in which you received from me on the evening of March 25, 2022, the nature of this meeting was to explain why you told me to surrender my assigned Roll-Off vehicle to another Roll-Off Driver, who was assign to fulfill the same duties and functions as myself. After the meeting I prepared a written summary of what was said by each person and provided an email copy to you, Mr. Valdes and Mr. Ferguson.

My question to you at this time is simple: did you act on your own authority or, did you discuss the issue with your superior Mr. Coleman and obtained his authorization?

The following information below is provided to you in good faith:

It is unlawful to deprive a person of life, liberty, or property without due process. A deprivation of property for procedural due process purposes, occurs when a person has an entitlement and that entitlement is not fulfilled. In lay lanague: your response to this email is my property.

Sincerely,

David Gray
Trash Truck Driver 1
Dept. of Solid Waste Mngt.

## Fwd: Decision Made on April 18, 2022



**From**  Gray, David (DSWM) <David.Gray@miamidade.gov>
**To**  Gray, David [DAVIDGRAYSR] <david@davidgraysr.com>
**Date**  2022-08-05 15:22

## Exhibit M-4

Sincerely,
David Gray
Trash Truck Driver 1
Dept. of Solid Waste Mngt.

Begin forwarded message:

**From:** "Gray, David (DSWM)" <David.Gray@miamidade.gov>
**Date:** August 1, 2022 at 3:30:40 PM EDT
**To:** "Valdes, Desiderio (DSWM)" <Desiderio.Valdes@miamidade.gov>
**Cc:** "Coleman, Alfred (DSWM)" <Alfred.Coleman@miamidade.gov>, "Dennison, Raymond (DSWM)" <Raymond.Dennison@miamidade.gov>
**Subject: Decision Made on April 18, 2022**

Good afternoon Mr. Valdes
I am reaching out to you as a citizen/employee and I am invoking all rights guaranteed to me under the Miami Dade County Home Rule Amendment and Charter.

On April 18, 2022, at the Eureka Drive Trash & Recycling Center (TRC), a meeting with you, Mr. Raymond Dennison, a Waste Supervisor 1, and myself was convened in the Northwest corner of the area reserved for the collection of white goods.

Based on your interpretation of an email in which you received from me earlier that day, the nature of this meeting was to inform me that I am being reassign to return as the Roll-Off Driver for the Eureka Drive TRC. After the meeting I prepared a written summary of what was said by each person and provided an email copy to you and Mr. Dennison.

My question to you at this time is simple: did you act on your own authority or, did you discuss the email with your superior Mr. Coleman and obtained his authorization or, did you discuss the email with Mr. Dennison and it was a shared act of authority?

Sincerely,
David Gray
Trash Truck Driver 1
Dept. of Solid Waste Mngt.

## Fwd: Internal Records Request



**From** Gray, David (DSWM) <David.Gray@miamidade.gov>
**To** Gray, David [DAVIDGRAYSR] <david@davidgraysr.com>
**Date** 2022-08-05 15:23

# Exhibit M-5

Sincerely,
David Gray
Trash Truck Driver 1
Dept. of Solid Waste Mngt.

Begin forwarded message:

---

**From:** "Gray, David (DSWM)" <David.Gray@miamidade.gov>
**Date:** August 2, 2022 at 2:41:25 PM EDT
**To:** "Fernandez, Michael (DSWM)" <Michael.Fernandez@miamidade.gov>
**Cc:** "Morales, Jimmy (Office of the Mayor)" <Jimmy.Morales2@miamidade.gov>, "Cava, Daniella Levine (Office of the Mayor)" <Daniella.Cava@miamidade.gov>, "Cuellar, Arleene (HR)" <Arleene.Cuellar@miamidade.gov>, "Dennison, Raymond (DSWM)" <Raymond.Dennison@miamidade.gov>
**Subject: Internal Records Request**

---

Good afternoon Mr. Fernandez
I am reaching out to you as a citizen/employee and I am invoking all rights guaranteed to me under the Miami Dade County Home Rule Amendment and Charter.

I am asking you to provide me with the name and title of the person or persons, responsible for the establishment of departmental policies, procedures, and practices to ensure compliance with laws and regulations, give guidance for decision-making, and streamline internal processes within the Trash Division.

The information below is provided to you in good faith:

It is unlawful to deprive a person of life, liberty, or property without due process. A deprivation of property for procedural due process purposes, occurs when a person has an entitlement and that entitlement is not fulfilled. In lay lanague: your response to this email is my property.

Sincerely,

David Gray
Trash Truck Driver 1
Dept. of Solid Waste Mngt.

## Fwd: Copy of Public Record Requested



**From**   Gray, David (DSWM) <David.Gray@miamidade.gov>
**To**      Gray, David [DAVIDGRAYSR] <david@davidgraysr.com>
**Date**   2022-08-05 15:21

**Exhibit M-6**

Sincerely,
David Gray
Trash Truck Driver 1
Dept. of Solid Waste Mngt.

Begin forwarded message:

---

**From:** "Gray, David (DSWM)" <David.Gray@miamidade.gov>
**Date:** August 3, 2022 at 11:11:33 AM EDT
**To:** "Williams, Tyrone (HR)" <Tyrone.Williams2@miamidade.gov>
**Subject: Copy of Public Record Requested**

---

Good morning Mr. Williams Esq

I am reaching out to you as a citizen/employee and I am invoking all rights guaranteed to me under the Miami Dade County Home Rule Amendment and Charter.

The lanague used within your denial letter to my appeal request, right below the following text "Regarding the alleged infraction of AO 7-3", you stated "a safety meeting was held by department explaining the Bulky Waste Overtime Policy and Procedure".

Could you please provide me a copy of the established "Bulky Waste Overtime Policy and Procedure" for my personal records in accordance with the 2022 Florida Statutes Chapter 119 - Public Records. Thank you in advance for your time and cooperation with this matter.

The following information below is provided to you in good faith:

It is unlawful to deprive a person of life, liberty, or property without due process. A deprivation of property for procedural due process purposes, occurs when a person has an entitlement and that entitlement is not fulfilled. In lay lanague: your response to this email is my property.

Sincerely,

David Gray
Trash Truck Driver 1
Dept. of Solid Waste Mngt.

## FW: Bulky Waste Overtime Procedures



**From**   Gray, David (DSWM) <David.Gray@miamidade.gov>
**To**   Gray, David [DAVIDGRAYSR] <david@davidgraysr.com>
**Date**   2022-08-05 16:27

# Exhibit M-7

Sincerely,

David Gray
Trash Truck Driver 1
Dept. of Solid Waste Mngt.

**From:** Gray, David (DSWM)
**Sent:** Tuesday, June 28, 2022 9:19 AM
**To:** Coleman, Alfred (DSWM)
**Cc:** Ferguson, Gregory (DSWM); Dinson, Theodore (DSWM); Valdes, Desiderio (DSWM); Dennison, Raymond (DSWM); Howard, Ronald (DSWM); Durham-Camp, Sherra (DSWM)
**Subject:** Bulky Waste Overtime Procedures

Good morning Mr. Coleman
There was a meeting this morning at 3B, lead by supervisor Mr. Ferguson and Mr. Dinson. The bulky waste overtime procedures was stated as follows:

"If the bulky waste crew, which consist of (1) crane operator, (1) waste attendant, and (1) or more trash truck driver-1, does not complete (6) to (7) pick request by 12:00 noon, the entire crew would be dismissed and the situation will be documented."

My question to you is: what violation will the crew be charged with, and will it follow the progressive discipline pattern of verbal counseling, corrective counseling, and discipline actions up to dismissal?

Until I am provided with a clear understanding of the terms and conditions of the bulky waste overtime procedures, I'm asking to be exempt from assisting with bulky waste during overtime hours.

Sincerely,
David Gray
Trash Truck Driver 1
Dept. of Solid Waste Mngt.

## Fwd: DSWM Procedural Process Information



**From**   Gray, David (DSWM) <David.Gray@miamidade.gov>
**To**      Gray, David [DAVIDGRAYSR] <david@davidgraysr.com>
**Date**   2022-08-05 15:22

# Exhibit M-8

Sincerely,
David Gray
Trash Truck Driver 1
Dept. of Solid Waste Mngt.

Begin forwarded message:

> **From:** "Gray, David (DSWM)" <David.Gray@miamidade.gov>
> **Date:** August 2, 2022 at 9:26:18 AM EDT
> **To:** "Coleman, Alfred (DSWM)" <Alfred.Coleman@miamidade.gov>
> **Cc:** "Valdes, Desiderio (DSWM)" <Desiderio.Valdes@miamidade.gov>, "Howard, Ronald (DSWM)" <Ronald.Howard@miamidade.gov>, "Durham-Camp, Sherra (DSWM)" <Sherra.Durham-Camp@miamidade.gov>, "Dennison, Raymond (DSWM)" <Raymond.Dennison@miamidade.gov>
> **Subject: RE: DSWM Procedural Process Information**

**Exhibit M-9**

Good morning Mr. Coleman

I am reaching out to you as a citizen/employee and I am invoking all rights guaranteed to me under the Miami Dade County Home Rule Amendment and Charter.

It is imperative that I am provided with a copy of the actual policy or given a detail description of the actual practice used to ensure all entitlements are being fulfilled and anti-discrimination policies are not being violated when you and your staff are exercising discretion in your district to:

1. Initially assign a roll-off driver to a Trash & Recycling Center.
2. Reassign a replacement roll-off driver to a Trash & Recycling Center when the initial driver has moved on.
3. Determine which roll-off driver is entitle to park and report directly to a Trash & Recycling Center.
4. Determine which roll-off driver is available and entitle to receive an offer to work overtime.
5. Assigning roll-off trucks to drivers based on entitlement from the newer roll-off truck to the older roll-off truck.

More information from my research:

Operational needs are non-procedural-based responsibilities that consume staffing resources, and management rights are to determine the mission, budget, organization, number of employees, and internal security practices of the agency. Neither gives DSWM the right to deprive a person of their property or to violate U.S. anti-discrimination laws without proper due process and equal protection.

In lay lanague: your response to this email is my property and the DSWM operational need or management rights can not deprive me of such!

Sincerely,

David Gray
Trash Truck Driver 1
Dept. of Solid Waste Mngt.


**From:** Gray, David (DSWM)
**Sent:** Saturday, July 30, 2022 8:35 PM
**To:** Coleman, Alfred (DSWM)
**Cc:** Valdes, Desiderio (DSWM); Howard, Ronald (DSWM); Durham-Camp, Sherra (DSWM)
**Subject:** RE: DSWM Procedural Process Information

Good evening Mr. Coleman

My research has revealed:
1. The County operates according to a seniority system which is divided into departments. DSWM has divided its list into locations and each location's list is divided into shifts.
2. The County's Home Rule Amendment and Charter, guarantees fair and equitable treatment to all persons.
3. When a neutral employment policy or practice has an adverse impact, the policy or practice will usually be found to be in violation of Title VII of the Civil Rights Act of 1964 (forbids an employer from retaliating against an employee because of the employee's opposition to "any practice made an unlawful practice").

To ensure that all of my entitlements are being fulfilled and my civil rights are not being violated, could you please collaborate more about the policy or practices in which your decisions are based on to meet operational needs, or exercise management rights to do the following:
1. Initially assign a roll-off driver to a TRC station.
2. Reassign a replacement roll-off driver to a TRC station.
3. Assign a Trash Truck Driver to park and report to a nearby TRC station.

I am asking you to explain the policy or practice in detail, thanks again for your time and patience with this matter.

David Gray
Trash Truck Driver 1
Dept. of Solid Waste Mngt.


**From:** Gray, David (DSWM)
**Sent:** Friday, July 29, 2022 6:39 PM
**To:** Coleman, Alfred (DSWM)
**Cc:** Valdes, Desiderio (DSWM); Howard, Ronald (DSWM); Durham-Camp, Sherra (DSWM)
**Subject:** Re: DSWM Procedural Process Information

Thanks for bringing the email signature to my attention, it was pre signed by my i-phone and have been corrected.

As for your response to my inquiries, I'm going to do some more research.... thanks and enjoy your day!

Sincerely,
David Gray
Trash Truck Driver 1
Dept. of Solid Waste Mgmt.

On Jul 29, 2022, at 5:08 PM, Coleman, Alfred (DSWM) <Alfred.Coleman@miamidade.gov> wrote:

**Exhibit M-10**

Good afternoon Mr. Gray,

After speaking with Waste Supervisor 1 Desiderio Valdes regarding your request to be transferred to another TRC, I was informed by Mr. Valdes that he was unaware of a transfer request made by you, however, by way of your email, I am now in receipt of your request. Unfortunately, we do not honor transfer requests from employees that wish to transfer to another TRC unless it is based on operational needs.

In response to your inquiries below:

1) How are roll off drivers assigned to TRC stations (the process). – Decisions are made d on operation needs and Management's rights.
2) How do roll off drivers request reassignment to another TRC station (the process). – Roll-off drivers may not request reassignment to another TRC. Assignments to TRCs are based on operation needs and Management's rights.
3) How are roll off drivers assigned to park at TRC stations (the process). – Decisions are made based on operation needs and Management's rights.

Also, I have observed that you have emailed your inquiries to my attention using your County email address, however, your signature on the County email serves to promote your personal business, which is inappropriate. This is a violation of Administrative Order 5-5, Acquisition, Assignment and Use of Telecommunication Devices and Network Resources, Administrative Order 7-6, Access to and Use of Internet Services and Electronic Mail (Email), and Miami-Dade County Department of Solid Waste Management (DSWM) Policy Email-Admn-004 (see attached for your record). Please use an appropriate email signature for the County email that does not solicit your personal business.

Be reminded that violation of the aforementioned Administrative Orders and Department policy may result in disciplinary action, up to and including dismissal.

Thank you.


*Alfred Coleman  Waste Supervisor 2*
*Solid Waste Management Division*
*Collection Operations 3B*
*8000 SW 107ave*
*Miami, FL 33173*
*Office: (305) 514-6323*
*Cell: (305) 794-9364*
*alcole@miamidade.gov*
*"Delivering Excellence Every Day!"*



**From:** Gray, David (DSWM) <David.Gray@miamidade.gov>
**Sent:** Friday, July 29, 2022 12:56:17 PM
**To:** Coleman, Alfred (DSWM) <Alfred.Coleman@miamidade.gov>
**Cc:** Valdes, Desiderio (DSWM) <Desiderio.Valdes@miamidade.gov>
**Subject:** DSWM Procedural Process Information

Good afternoon Mr. Coleman
A few months ago, I requested to be reassigned to another TRC station and was waiting your approval according to Supervisor Valdes. Be as it may, could you please answer the following:

1) How are roll off drivers assigned to TRC stations (the process).
2) How do roll off drivers request reassignment to another TRC station (the process).
3) How are roll off drivers assigned to park at TRC stations (the process).

Thank you in advance for your time and cooperation.


Sincerely,
David Gray, Ph: (305) 469-3767
Professional Forex Trader, License Real Estate Agent, and
Freelance IT Database Administrator & Architect Developer
Learn more at: www.davidgraysr.com

## FW: Public Records Request



**From**   Gray, David (DSWM) <David.Gray@miamidade.gov>
**To**   Gray, David [DAVIDGRAYSR] <david@davidgraysr.com>
**Date**   2022-08-05 16:29

# Exhibit M-11

Sincerely,

David Gray
Trash Truck Driver 1
Dept. of Solid Waste Mngt.

**From:** Gray, David (DSWM)
**Sent:** Monday, June 13, 2022 4:40 AM
**To:** Fernandez, Michael (DSWM)
**Cc:** Cava, Daniella Levine (Office of the Mayor); Cervone, Johanna (Office of the Mayor)
**Subject:** Public Records Request

Good morning
My name is David Gray, I work with in the DSWM as a Trash Truck Driver 1. I am reaching out to you about a letter I received on February 22, 2022 (see denial letter), in which you stated: the Standard Operational Procedures (SOP's) for the Trash Division are being updated.

In accordance with the 2021 Florida Statue Chapter 119 (Public Records), I am requesting a copy of the current or outdated SOP's for the Trash Division. Thank you in advance for your time and cooperation.

Sincerely,

David Gray, #313877
Trash Truck Driver 1

**From:** Howard, Ronald (DSWM)                    **Exhibit N**
**Sent:** Wednesday, August 3, 2022 9:14 AM
**To:** Gray, David (DSWM)
**Cc:** Durham-Camp, Sherra (DSWM); Fernandez, Michael (DSWM); Kelapanda, Achaya (DSWM)
**Subject:** Response to David Gray 8-3-22

Good Morning, Mr. Gray,

I am in receipt of the various emails that you have sent to the Trash Division supervisors. Please be advised, it is the Trash Division's responsibility to provide services to the residents of Miami-Dade County in the most efficient and effective means possible. A policy or explanation is not required for every directive and instruction given. Directives and instructions are given based on the Operations' needs to service the community.

In response to your inquiries, it is within the Trash Division management's authority to issue directives and instructions to employees. Management includes the entire chain of command: Waste Supervisor 1s, Waste Supervisor 2s and above. While you may not agree with directives and/or instructions given by a supervisor, your disagreement does not constitute a violation of rights or any entitlements that you think you may have. All directives and/or instructions given are in compliance with Miami-Dade County rules and regulations, as well as the AFSCME Local 3292 Collective Bargaining Agreement. As a Trash Truck Driver 1, you are expected to follow all reasonable directives and instructions given by Trash Division management. Failure to follow the directives and instructions given whether verbally or in writing and repeated challenging of the supervisors' authority verbally and/or in writing is considered insubordination. These actions are counterproductive and serve to hinder the Trash Division's operations. In order to answer your questions, and to bring closure to this matter a meeting has been scheduled to meet with myself and Assistant Director Sherra Durham Camp on Friday, August 5, 2022, at 9:00 am, at 8831 NW 58th Street, Miami, FL 33168. After the meeting, a summary of the discussion to include an explanation of processes, where applicable, will be provided.

Thank you.

Ronald Howard, Chief, Collection Operation Divisions

**Exhibit O**

**From:** "Gray, David (DSWM)" <David.Gray@miamidade.gov>
**Date:** August 3, 2022 at 10:40:27 AM EDT
**To:** "Howard, Ronald (DSWM)" <Ronald.Howard@miamidade.gov>
**Cc:** "Durham-Camp, Sherra (DSWM)" <Sherra.Durham-Camp@miamidade.gov>, "Fernandez, Michael (D:
<Achaya.Kelapanda@miamidade.gov>, "Cava, Daniella Levine (Office of the Mayor)" <Daniella.Cava@mi;
**Subject: RE: Response to David Gray 8-3-22**

Please read the Miami Dade County Home Rule Amendment and Charter and make note: I am apart of the count that makes up "the residents of Miami-Dade County" and as a Citizen of this county, I have the guaranteed right to transact business with the County and municipalities with a minimum of personal inconvenience.

Also, I am not challenging the "DSWM Supervisor's Authority", I am trying to tell you that such practices: "as you choosing to meet with me to discuss my email to you as oppose to you responding to my email is a violation of my right to due process because I have an entitlement to an electronic response; the information provided in response to an email is the senders property and failing to respond to an email is considered a deprivation of that senders property".

Therefore, on behalf of your professional careers, please cancel this meeting, unless you all are ready to talk about reclassifying my position to help create structure that will ensure compliance with federal, state, and local laws and regulations, provide guidance for decision-making, and the ability to streamline internal processes within the Trash Division.

I am so sorry that you all have under estimated my education, intelligence, and worth; and have not picked up on my fluentness in criminal, civil, and contract law. But like I told Mayor Cava when I asked for her help, if I am forced to speak truth to power it will end careers.

My case against members of this department pursuant to 42 USC 1983 and 18 USC 242, is overwhelming. In fact, I am preparing to forward my "Notice of Complaint" to the County's Attorney Office at midnight on August 14, 2022, unless you guys are ready to work together at a higher level of professionalism and perfection.

Sincerely,

David Gray

## Exhibit P-1

*Miami, FL 33168*
*Phone: (305) 514-6328*

**From:** Gray, David (DSWM)
**Sent:** Friday, August 05, 2022 12:59 PM
**To:** Howard, Ronald (DSWM) <Ronald.Howard@miamidade.gov>
**Cc:** Durham-Camp, Sherra (DSWM) <Sherra.Durham-Camp@miamidade.gov>; Carlo, Gian (DSWM) <Gian.Carlo@miamidade.gov>; Cava, Daniella Levine (Office of the Mayor) <Daniella.Cava@miamidade.gov>; Washington, Kraig (HR) <Kraig.Washington@miamidade.gov>; Valdes, Desiderio (DSWM) <Desiderio.Valdes@miamidade.gov>; Dinson, Theodore (DSWM) <Theodore.Dinson@miamidade.gov>; Coleman, Alfred (DSWM) <Alfred.Coleman@miamidade.gov>; Fernandez, Michael (DSWM) <Michael.Fernandez@miamidade.gov>; Cuellar, Arleene (HR) <Arleene.Cuellar@miamidade.gov>; Williams, Tyrone (HR) <Tyrone.Williams2@miamidade.gov>
**Subject:** David Gray Relieved of Duty on 8/5/2022

Good afternoon
On August 5, 2022, at approximately 11:00am, you and Ms. Durham-Camp arrived to the West Perrine Trash & Recycle Center located at 16651 SW 107th Avenue. Shortly after, Waste Supervisor 1 Gian Carlo, informed me to come to the office where you and Ms. Durham-Camp was waiting; at which time you advised me that I am being placed on administrative leave pending administration review for sending what you defined as insubordinate and threating emails to DSWM management staff. Mr. Gian advised me to call the office at 8am Monday thru Friday as we drive silently to 3B, he also watched and

# Exhibit P-2

waited as I drove away in my car. Please understand, this email is sent to act as my written record of the event and instructions thereof.

Sincerely,

David Gray
Trash Truck Driver 1
Dept. of Solid Waste Mngt.

## Exhibit P-3

From: **Howard, Ronald (DSWM)** Ronald.Howard@miamidade.gov
Subject: **RE: David Gray Relieved of Duty on 8/5/2022**
Date: **Aug 5, 2022 at 1:56:28 PM**
To: **Gray, David (DSWM)** David.Gray@miamidade.gov
Cc: **Durham-Camp, Sherra (DSWM)** Sherra.Durham-Camp@miamidade.gov, **Carlo, Gian (DSWM)** Gian.Carlo@miamidade.gov, **Cava, Daniella Levine (Office of the Mayor)** Daniella.Cava@miamidade.gov, **Washington, Kraig (HR)** Kraig.Washington@miamidade.gov, **Valdes, Desiderio (DSWM)** Desiderio.Valdes@miamidade.gov, **Dinson, Theodore (DSWM)** Theodore.Dinson@miamidade.gov, **Coleman, Alfred (DSWM)** Alfred.Coleman@miamidade.gov, **Fernandez, Michael (DSWM)** Michael.Fernandez@miamidade.gov, **Cuellar, Arleene (HR)** Arleene.Cuellar@miamidade.gov, **Williams, Tyrone (HR)** Tyrone.Williams2@miamidade.gov

Good afternoon,

That is correct Mr. Gray.

However, you are also relieved due to your insubordination for failing to attend the meeting scheduled for today as directed by management.  This action is necessary to ensure the safety of the citizens that we serve, as well as DSWM staff.

In addition to calling in every morning, while relieved from duty, you will not be permitted to enter any Department facility or property unless specifically requested by the Department, nor will you be permitted to use the County email without authorization.  **Therefore, you are to refrain from using the County email effective immediately.**

You will be advised by the Department when a decision regarding your status has been made.

You will receive an official Relief from Duty letter from the Director via US Mail.

Thank you.


*Ronald Howard, Chief, Collection Operation Divisions*
*Miami-Dade County Department of Solid Waste Management*
*Collection Operations*
*8831 NW 58th Street*

## MIAMI-DADE COUNTY

## DISCIPLINARY ACTION REPORT   Exhibit Q-1

**Report Date:** 8/23/2022

**Employee ID:** 00313877          **Employee Name:** David Gray          **Hire Date:** 5/18/2015

**Department:** Solid Waste Management          **Division:** SW05020302          **DAR Number:** 143

**Employee Status:** Permanent          **Employee Classification:** Trash Truck Driver 1          **Union Code:** F

---

You are hereby charged with violating the County's Personnel Rules, Chapter VIII, Section 7: Paragraph:

**Violations:**

I:    That the employee is guilty of conduct unbecoming an employee of the County, whether on or off duty provided allegations shall describe the conduct, which is the basis of the charge.

D:    That the employee has violated any lawful or official regulation or order, or failed to obey any lawful and reasonable direction given him by a supervisor, when such violation or failure to obey amounts to insubordination or serious breach of discipline, which may reasonably be expected to result in lower morale in the organization or result in loss, inconvenience, or injury to the County service or to the public.

S:    That the employee is antagonistic towards superiors and fellow employees, criticizing orders, rules and policies, and whose conduct interferes with the proper cooperation of employees and impairs the efficiency of the County service.

FACTS: (Description of specific actions, statements made by employee; attach statement of witness, if any, and attach copies of other documents if appropriate. Also state reasons for recommendation.)

(Attach additional sheets as necessary)

In signing this Report I acknowledge only that it has been discussed with me and that I have received a copy. I understand that I may respond orally or in writing and that such response will be made a part of this Report and taken into consideration prior to a final determination being made.

**Supervisor's Signature/Date** 10/21/22

**Employee's Signature/Date** 10/21/22

*Reserve right to written response in accordance to A.D. 7-3*

**RECOMMENDED ACTION:** ◇ Written Reprimand   ◇ Suspension   ◇ Demotion   ◇ Dismissal

**RESOLUTION COMMENTS:**

**FINAL ACTION:**

**Effective Date(s):** through

**FINAL APPROVAL:**

Signature/Date

Title

Disciplinary Action Report
David Gray ID #313877
Page 2

**Exhibit Q-2**

Mr. David Gray was hired as a Trash Truck Driver 1 (TTD1) with the Department of Solid Waste Management (DSWM) on May 25, 2020. Mr. Gray is assigned to the DSWM Trash Division; he reports to the Trash and Recycling Centers (TRC) as needed (Chapman Field located at 13600 SW 60 Avenue, Eureka Drive located at 9401 SW 184 Street, and West Perrine located at 16651 SW 107 Avenue); in this capacity, Mr. Gray is assigned to drive a Roll-Off Truck. Mr. Gray may also be assigned to the bulky waste operations as needed; in this capacity Mr. Gray may be assigned to drive a Trash Truck. Mr. Gray's work hours are 7:00 a.m. to 5:30 p.m. and his workdays rotate on a monthly basis as follows: Schedule 1 - Tuesday, Wednesday, Thursday, and Friday; Schedule 2 – Monday, Friday, Saturday, and Sunday.

According to Waste Supervisor 1 Theodore Dinson, on Monday, March 25, 2022, Mr. Gray was assigned to the bulky waste operations due to operational need and assigned to use Trash Truck #70-546 instead of Roll-Off Truck #70-662. Later in the day, Mr. Gray questioned Mr. Dinson's reasoning for being assigned the trash truck. Mr. Dinson advised Mr. Gray the decision was made based on operational needs. On Tuesday, March 29, 2022, Mr. Dinson held a meeting with Mr. Gray to further explain his decision from March 25, 2022. Waste Supervisor 1s Gregory Ferguson and Desiderio Valdes were in attendance.

On Monday, April 18, 2022 (11:09 a.m.), Mr. Gray sent an email to Waste Supervisor 1 Desiderio Valdes questioning Mr. Valdes' authority regarding his assignment on April 11, 2022, as a roll-off driver to the Chapman Field TRC. In the email, Mr. Gray indicated that on April 18, he asked Mr. Valdes, "did you ask the previous driver to contact the TRC Supervisor prior to him going to the Chapman Field TRC?" Mr. Gray further stated, "if all Roll-Off drivers are not asked to contact the TRC Supervisor prior to going to the TRC in nature, please stop harassing David Gray to contact the Chapman Field TRC Supervisor." Mr. Gray's email to Mr. Valdes was antagonistic and inappropriate. Management has the authority to advise drivers to contact field supervisors for instructions during the workday as needed and Mr. Gray should not be using the email system to harass supervisors for doing their job.

On Friday, July 29, 2022 (12:56 p.m.), Mr. Gray sent an email to Waste Supervisor 2 Alfred Coleman requesting information regarding the process for assignment of roll-off drivers to Trash and Recycling Centers (TRCs), reassignments of roll-off drivers to TRCs, and assigned parking at TRCs.

Mr. Coleman responded to Mr. Gray and advised that decisions are made based on operational needs and management's rights. Mr. Coleman also informed Mr. Gray that employee requests to transfer to a different TRC other than those of which they are assigned, are not honored unless there is an operational need. Further, upon review of Mr. Gray's email, Mr. Coleman discovered that Mr. Gray's email signature contained information promoting Mr. Gray's personal business. Mr. Coleman reminded Mr. Gray that his County-issued email address should not be used to promote his personal businesses and that it was inappropriate. Mr. Gray was provided with Miami-Dade County Administrative Orders 5-5, Acquisition, Assignment and Use of Telecommunication Devices and Network Resources; 7-6, Access to and Use of Internet Services and Electronic Mail (email), and the DSWM Email Policy.

Despite receiving a response from Mr. Coleman, on Saturday, July 30, 2022, at 8:35 p.m., Mr. Gray emailed Mr. Coleman again asking that he elaborate and explain in more detail about the policy or practices in which his decisions are made to meet operational needs or exercise management rights. Mr. Gray's email to Mr. Coleman was antagonistic and inappropriate.

On Monday, August 1, 2022 (3:31 p.m.), Mr. Gray sent an email to Mr. Valdes referencing a meeting that occurred on April 18, 2022, with Mr. Gray, Mr. Valdes, and Waste Supervisor 1 Raymond Dennison regarding reassignment to the Eureka Drive TRC. In this email, Mr. Gray alleged that the meeting occurred based on Mr. Valdes' interpretation of the email Mr. Gray previously sent on April 18, 2022, at 11:09 a.m.

Disciplinary Action Report
David Gray ID #313877
Page 3

**Exhibit Q-3**

Mr. Gray proceeded to ask Mr. Valdes in the August 1st email, "Did you act on your own authority or, did you discuss the email with your superior Mr. Coleman and obtain his authorization or, did you discuss the email with Mr. Dennison, and was it a shared act of authority?" Mr. Gray's email to Mr. Valdes was inappropriate and served to undermine Mr. Valdes' supervisory authority. It is within management's authority to assign drivers to work locations based on operational need.

On Tuesday, August 2, 2022 (9:26 a.m.), Mr. Gray sent an email to Mr. Coleman with more questions regarding Trash Division policies and practices. Mr. Coleman had previously provided a response to Mr. Gray on July 29, 2022. Mr. Gray's email was inappropriate and challenged Mr. Coleman's supervisory authority.

On Tuesday, August 2, 2022 (12:27 p.m.), Mr. Gray sent an email to Waste Supervisor 1 Theodore Dinson to again address the March 25, 2022, meeting with himself, Mr. Dinson, Mr. Valdes, and Mr. 2 Ferguson regarding assignment of Mr. Gray's Roll-Off Truck to another driver. In the August 2nd email, Mr. Gray proceeded to ask Mr. Dinson, "Did you act on your own authority or, did you discuss the issue with your superior Mr. Coleman and obtain his authorization?" Mr. Gray's email in August about a day to day operational assignment made back in March was inappropriate and served to undermine Mr. Dinson's supervisory authority.

On Wednesday, August 3, 2022 (9:05 a.m.), Mr. Gray sent an email to Ronald Howard, Chief, Trash Division attempting to revisit a grievance submitted on July 4, 2022, that had been denied. In the email Mr. Gray stated, "Did you respond to step 3 in error or, did you willfully act on your own authority to skip step 2 or, did you discuss the grievance with your superior Ms. Durham-Camp and obtain her authorization?" Mr. Gray's email to Mr. Howard was inappropriate and served to undermine Mr. Howard's management authority. Mr. Howard responded to the grievance at the appropriate step as the Division Chief in Mr. Gray's chain of command.

Mr. Howard responded at 9:14 a.m. the same day to Mr. Gray's email advising that he was in receipt of the various emails sent to the Trash Division supervisors. Mr. Howard advised Mr. Gray that a policy or explanation is not required for every directive and instruction given. Mr. Howard also placed Mr. Gray on notice regarding the chain of command and following reasonable directives and instructions given by management. Mr. Howard advised Mr. Gray that his disagreement with directives and instructions does not constitute a violation of rights. Mr. Howard warned Mr. Gray that failure to follow directives and instructions given whether verbally or in writing is insubordination. Mr. Howard advised Mr. Gray that a meeting was scheduled for him to meet with Mr. Howard and Sherra Durham-Camp, Assistant Director, Collections Operations at 9:00 a.m. on Friday, August 5, 2022, at the 58th Street Garbage and Trash Operations Facility located at 8831 NW 58 Street. Mr. Gray was advised that after the meeting, a summary of the meeting would be provided, to include an explanation of processes, where applicable.

At 10:40 a.m., Mr. Gray responded to Mr. Howard via email to include the following statement: "On behalf of your professional careers, please cancel the meeting, unless you are ready to talk about reclassifying my position to help create structure that will ensure compliance with federal, state, and local laws and regulations, provide guidance for decision-making, and the ability to streamline internal processes with the Trash Division."

Mr. Gray's emails to Mr. Howard were insubordinate, antagonistic, and was perceived as a written threat. Once again, Mr. Gray challenged management's authority in a manner that was antagonistic and disrespectful.

On Friday, August 5, 2022, Mr. Gray violated the directive given to him by Mr. Howard when he failed to report to the 58th Street Garbage and Trash Operations Facility at 9:00 a.m., to meet with Mr. Howard and Ms. Durham-Camp as scheduled. Mr. Gray was relieved from duty with pay pending administrative action due to insubordination and the written threat sent to management via email.

Disciplinary Action Report
David Gray ID #313877
Page 4

**Exhibit Q-4**

Despite being placed on notice regarding following directives and instructions, as well as receiving policies and procedures regarding the usage of the County email, on August 5, 2022 (12:59 p.m.), Mr. Gray sent an email to Mr. Howard, with a copy to members of DSWM management, the Mayor, and the Human Resources Department management, to include the HRD Human Rights Fair Employment Practices (HRFEP) Division staff as a written record of what had occurred. Mr. Gray's email was insubordinate, inappropriate, and served to undermine Mr. Howard's authority by documenting the matter outside of the chain of command after refusing to meet with Mr. Howard.

At approximately 1:56 p.m., Mr. Howard responded to Mr. Gray's email advising Mr. Gray that he was relieved from duty due to insubordination for not attending the scheduled meeting as directed. Mr. Gray was advised that his relief from duty was necessary to ensure the safety of the citizens served by the Department, as well as DSWM staff. Mr. Gray was advised that he would not be permitted to enter DSWM facilities, or permitted to use the County email without authorization. Mr. Gray was directed to refrain from using the County email effective immediately. Subsequent to Mr. Howard's email, due to Mr. Gray's inappropriate usage of the County email, his email account was temporarily suspended.

As a result of being directed that he was prohibited from using the County email, Mr. Gray continued to send inappropriate and antagonistic emails to attempt to undermine Mr. Howard's supervisory authority utilizing his personal email account.

A review of Mr. Gray's personnel file indicates that he completed the following training course(s): Trash Truck Driver 1 on-the-job Training on June 12, 2020, and DSWM New Employee Orientation on October 5, 2020.

As a Trash Truck Driver 1, Mr. Gray operates large capacity open carrier vehicles used in transporting trash or ash to designated dumping sites throughout the County. Trash Truck Drivers are responsible for the safe and efficient operation of the truck as well as making the necessary maintenance checks and must perform related work as required. Supervision is received from a field supervisor who assigns routes, schedules, etc. Mr. Gray must also have the ability to follow prescribed instructions and work without constant supervision.

Mr. Gray's antagonistic behavior towards management, repeated use of the County email to circumvent directives and unjustifiably challenge management authority, consistent criticism of supervisor's instructions, whether verbal or written, refusal to meet with Trash Division management as directed, and use of the County email to deliver a written threat to management is inappropriate. After being counseled and advised to stop sending these antagonistic emails, Mr. Gray's continued practice of sending antagonistic emails is insubordination. Additionally, Mr. Gray's failure to attend the August 5 meeting with Mr. Howard was insubordination.

Mr. Gray's actions serve to lower morale in the workplace, has hindered the Trash Division's operational goals and productivity, and interfered with the daily service provided to the constituents of Miami-Dade County. Mr. Gray's antagonistic actions wastes management time on non-productive activity that takes time away from serving the residents of Miami-Dade County.

In addition to the Miami-Dade County Personnel Rules, Mr. Gray's actions are a violation of the DSWM Email Policy, Miami-Dade County Administrative Orders 5-5, Acquisition, Assignment, and Use of Telecommunication Devices, and 6-7, Access To and Use of Internet Services and Electronic Mail.

Mr. Gray's escalated and antagonistic behavior through the use of the County email system to include a written threat towards management poses a safety hazard to DSWM management and employees. This behavior will not be tolerated.

These actions make Mr. Gray inefficient in the performance of his duties as a Trash Truck Driver 1.

A review of Mr. Gray's personnel file indicated no prior disciplinary history.



**MIAMI-DADE COUNTY**

miamidade.gov

Department of Solid Waste Management
2525 NW 62nd Street • Suite 5100
Miami, Florida 33147
T 305-514-6666

November 2, 2022           **Exhibit R-1**

Mr. David Gray
Trash Truck Driver 1
Trash Division – 3B

Dear Mr. Gray:

This letter is to officially reprimand you for violation of Miami-Dade County's Personnel Rules, Chapter VIII, Section 7, Articles: (D), (I) and (S). A description of the articles violated and the facts concerning your violation of them are included in the attached Disciplinary Action Report dated August 23, 2022, and presented to you on October 21, 2022, which is made part of this letter.

Your repeated use of the County email system to send antagonistic and offensive emails to supervisors and management, which unjustifiably challenged directives and managerial authority, and your criticism of supervisors' instructions, whether verbal or written, is inappropriate. Further, your written threat on Wednesday, August 3, 2022, and failure to meet with Trash Division management on Friday, August 5, 2022, as directed is considered insubordination.

Your actions serve to lower morale in the workplace, hinder the Trash Division's productivity and operational goals, and are a violation of the Department of Solid Waste Management (DSWM) Email Policy, Miami-Dade County Administrative Orders 5-5, Acquisition, Assignment, and Use of Telecommunication Devices, and 6-7, Access To and Use of Internet Services and Electronic Mail. These actions pose a safety hazard to DSWM management and employees. This behavior will not be tolerated.

Be reminded that it is your responsibility as a Miami-Dade County employee, in your capacity as a Trash Truck Driver 1, to adhere to all County and Department policies and procedures, adhere to supervisory/management directives, and to cooperate in efforts to accomplish the Trash Division's goals.

This memorandum places you on notice that you are to refrain from utilizing the County and/or your personal email to send antagonistic, offensive, and inappropriate emails to County/DSWM management. Any future incidents of this nature shall result in more severe disciplinary action and may include revocation of email privileges and/or removal from your current position, up to and including dismissal.

Sincerely,

Ronald Howard, Chief
Trash Division, DSWM

(Continued on Page 2)

**Exhibit R-2**

Page 2
Written Reprimand
David Gray ID #313877

My signature below verifies that I have received the original of this letter.

_____
David Gray

_____
Date   11/4/2022

_____
Witness

_____
Date   November 4, 2022

C:    Michael J. Fernandez, Director, DSWM
Achaya Kelapanda, Deputy Director, Operations, DSWM
Aimee Cabrera, Deputy Director, Administration, DSWM
Sherra Durham-Camp, Assistant Director, Collections Operations, DSWM
Daniel Diaz, Division Chief, DSWM
Ronald Howard, Chief, Trash Division, DSWM
Alfred Coleman, Waste Supervisor 2, Trash Division, DSWM
Trinese Lamb, Chief, Labor Relations, Safety and Training Division, DSWM
Michelle Sifontes, Chief, Human Resources Division, DSWM
AFSCME, Local 3292
Employee File

David Gray, #313877
3450 NW 213th Street     **Exhibit S-1**
Miami Gardens, FL.33056

November 4, 2022

Sent via email to michael.fernandez@miamidade.gov

**Re: Request to Discuss Written Reprimand**

Dear Mr. Fernandez:

On 11/4/2022, I was officially reprimanded for allegedly violating Miami-Dade County Personnel Rules Chapter VIII Section 7 (D), (I), (S). According to the official letter, a description of the articles violated and the facts concerning the violation are included in the attached Disciplinary Action Report dated August 23, 2022, and presented on October 21, 2022, which is made apart of this letter. Unfortunately, the facts concerning the violations were not included with my copy of the DAR #143. Could you please provide me with copies of the following:

I.    The lawful or official regulation or order and/or reasonable direction in which I allegedly violated in support of the alleged violation of section D "Insubordination", was not included with my copy of the DAR #143. Could you please provide me with a copy of the lawful or official regulation or order and/or reasonable direction for my records and review, or could you please exonerate me of this violation and update the official letter to reflect the same.

Exhibit S-2

II.    The description of the conduct which is the basis of the charge in which I allegedly displayed in support of the alleged violation of section I "Conduct Unbecoming", was not included with my copy of the DAR #143. Could you please provide me with a copy of the conduct I displayed for my records and review, or could you please exonerate me of this violation and update the official letter to reflect the same.

III.   The name of superiors and fellow employees in which I was allegedly antagonistic towards or the orders, rules, and polices in which I allegedly criticized in support of the alleged violation of section S "Antagonistic", was not included with my copy of the DAR #143. Could you please provide the names of superiors and fellow employee and/or a copy of the orders, rules, and polices for my records and review, or could you please exonerate me of this violation and update the official letter to reflect the same.

As established by County's Policy under Administrative Order 7-3: "When disciplinary actions are challenged management is required to justify its actions. Fair and reasonable discipline will receive firm support and can be expected to be upheld. However, discipline which is not supported by facts, or imposed arbitrarily, is unacceptable and must be avoided". As the Director of the DSWM, I am asking you for procedural due process and equal protection in accordance with the County's code of ordinances and regulations.

2