United States District Court
for the
Southern District of Florida

| | |
|---|---|
| David Arnold Gray, Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-23693-Civ-Scola |
| | ) |
| Ronald Howard and others, | ) |
| Defendants. | ) |

### Omnibus Order Granting Motions to Strike and to Stay

Plaintiff Gray complains the Defendants—Miami-Dade County and ten individuals he describes as Miami-Dade County officials—improperly interfered with his job with the County's Solid Waste Department as a trash truck driver and mishandled his grievance submissions. (Compl., ECF No. 1.) In his complaint, he lodges three claims: a Fourteenth Amendment Due Process claim; a claim for "willful deprivation of rights"; and a claim for "conspiracy against rights." (*Id.* at 24–27.) The Defendants ask the Court to dismiss the complaint, arguing that they are entitled to qualified immunity, the complaint is a shotgun pleading, and that Gray fails to state a claim. (Defs.' Mot. to Dismiss, ECF No. 7.) The Defendants also ask the Court to stay this case based on their qualified-immunity arguments. (Defs.' Mot. to Stay, ECF NO. 11.) After review, the Court **grants** both motions (**ECF Nos. 7, 11**), **striking** Gray's complaint as a shotgun pleading and **staying** this case.[1]

"Courts in the Eleventh Circuit have little tolerance for shotgun pleadings." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294-95 (11th Cir. 2018). They violate Federal Rules of Civil Procedure 8(a)(2) and 10(b), "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Id.* (cleaned up). Although "the pleading party is not required to 'allege a specific fact to cover every element or allege with precision each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Frazile v. EMC Mortg. Corp.*, 382 F. App'x 833, 836 (11th Cir. 2010) (cleaned up). When presented with a shotgun pleading, a district court "should strike the pleading and instruct counsel to replead the case—if counsel could in good faith make the representations required by Fed. R. Civ. P. 11(b)."

---

[1] Because the Court strikes Gray's complaint as a shotgun pleading, it declines to evaluate the other issues the Defendants raise in their motions.

*Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1357-58 (11th Cir. 2018) ("This is so even when the other party does not move to strike the pleading").

Here, Gray's complaint sprawls across twenty-eight pages, attaching nearly fifty pages of exhibits, the import of which is not always clear. Gray's recitation of the facts of his case are disjointed and difficult to follow. Interspersed throughout his description of the events leading up to his lawsuit are descriptions of various state and county statutes, ordinances, regulations, and operating procedures, the import or applicability of which is murky. Further, many of Gray's allegations are conclusory and difficult to place into context. For example, Gray repeatedly says he was denied procedural due process but doesn't connect any of the Defendants' individual conduct to any particular adverse employment action that has been taken against him. Finally, each count— lodged, without differentiation, against all eleven Defendants collectively— incorporates all the previous paragraphs of the complaint rather than specifying which particular facts support the cause of action within that count. *See Cummings v. Mitchell*, 20-14784, 2022 WL 301697, at *3 (11th Cir. Feb. 2, 2022) (condemning "the incorporation of preceding paragraphs where a complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts (i.e., all but the first) contain irrelevant factual allegations and legal conclusions") (cleaned up). Combined, these defects prevent the Court from discerning which allegations apply to which of the eleven Defendants (ten individuals and one municipal entity) nor whether there are even any allegations that might support a viable cause of action. In other words, the complaint fails to supply, in a clear manner, "direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Frazile*, 382 F. App'x at 836 (cleaned up). Instead, the complaint supplies only a loose association of workplace events and communications without pinpointing any actual injury or each Defendant's particular liability for that injury.

Accordingly, the Court **strikes** Gray's complaint (**ECF No. 1**), and instructs him to **replead** his case—if he can, in good faith,[2] allege facts directly supporting a viable claim for relief against each Defendant. Gray is cautioned to plead only facts that are tethered to a viable cause of action against the Defendants and to identify which facts relate to which cause of action and which Defendant. The Court also directs Gray to avoid conclusory or vague allegations and to make sure that he endeavors to isolate different causes of actions, into

---

[2] The Court recommends that Gray, in deciding whether to proceed with an amended complaint, revisit the issues the Defendants raise in their motion to dismiss and motion for a stay. The Court encourages him to reevaluate his claims in light of the Defendants' challenges.

separate, numbered counts, to the extent there are distinct factual allegations that pertain to specific Defendants. Gray must file his amended complaint on or before **March 3, 2023**. If Gray fails to timely comply or files an amended pleading with the same deficiencies, the Court may dismiss his case, albeit without prejudice.

Further, while there is no active complaint, the Court **stays** this case with respect to any pretrial proceedings other than Gray's amending his complaint and the Defendants' response thereto. If the Defendants file a motion to dismiss the amended pleading and it is denied or if the Defendants file a responsive pleading to the amended complaint, the stay is to be considered automatically lifted and the parties must, at that point, comply with the Court's initial order and the parties' respective discovery obligations.

**Done and ordered** in Miami, Florida, on February 10, 2023.

Robert N. Scola, Jr.
United States District Judge